CASE 33—PETITION EQUITY—MARCH 9.

# Liederkranz Society v. Beck.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A WIDOW HAVING ONLY A DOWER-RIGHT IN ONE THIRD OF THE REAL ESTATE OF HER HUSBAND CAN NOT PROCURE A SALE OF THE WHOLE ESTATE by making it appear by competent proof that her dower could not be assigned to her therein without materially impairing the value of the whole estate.

2. A dowress is not embraced by the statute of February 15, 1866, to amend chapter 86 of the Revised Statutes (Myers's Supplement, 751), providing for the sale of land held by coparceners, joint-tenants, or tenants in common, or otherwise, by several parties, where it shall have been made to appear to the court by competent proof that a division of the land would materially impair its value.

   Said statute provides for the sale of real estate held by two or more owners entitled each to separate interests.

   The division contemplated by said statute is a permanent separation of the property into distinct parcels, and not a mere allotting or setting apart for a particular purpose a portion of it for a period limited in duration, but which must terminate, though the time of the termination be uncertain, when the whole will revert to and unite in the person who owned all but the particular estate.

3. A widow entitled to dower in real estate which descended to her infant son at the death of her husband filed a petition against him, and obtained a decree to sell such real estate on the ground that it could not be divided without materially impairing its value. The purchaser at the sale of such real estate resisted the payment of his bonds for the purchase-money on the ground that the court rendering the judgment had no jurisdiction of the case, and that the sale was void. The court below by rule required the purchaser to pay. That decision is reversed, with directions to dismiss the rule.

P. A. GAERTNER,  .  .  .  .  .  .  .  .  .  .  For Appellant,

### CITED

3 Bush, 216, O'Donnell's ex'r v. O'Donnell, &c.
7 Bush, 55, Rich v. Rich.          6 Bush, 369.
5 Bush, 643, Horsfall, &c. v. Ford, &c.

2 Bush, 234, Merriwether v. Sebree, &c.
Civil Code, section 543.          2 Metcalfe, 573.
Revised Statutes, Myers's Supplement, 751.

MUIR & BIJUR, . . . . . . . . . . . For Appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

In her petition in this case Mrs. Bertha Beck alleges that her husband, the late Edward Beck, died in March, 1871, intestate, leaving herself, his widow, and the defendant, Otto Beck, his only child and heir, a minor of about eleven years of age; that her said husband owned in fee at his death a valuable house and lot in the city of Louisville, known as "Beck's Hall," a full description and the particular location of which are given in the petition, and the deed under which the decedent held it is filed.

It is further alleged that the buildings on said lot are of much greater value than the lot, that they occupy the entire front, and that the property can not be divided without materially impairing its value; that said estate descended to said Otto Beck upon the death of his father, subject to her right of dower therein. She alleges that she is the statutory guardian of her son, appointed by the court of the state of Indiana having jurisdiction of the matter. But she prays that some suitable person be appointed to take care of the interests of the defendant, her infant son, for a sale of the property, and for a division of the proceeds of such sale between plaintiff and defendant, according to their legal rights, the plaintiff being entitled to one third for life and the defendant to the residue.

A judgment for the sale of the property was rendered, and a sale of it made in accordance with the judgment, at which appellant became the purchaser, and executed bonds for the purchase-price, with ample sureties, as appears, in conformity to the requirements of the judgment, which were approved, and the sale confirmed by the court. After this was done the

Liederkranz Society v. Beck.

purchaser, having failed to pay the first installment of the price, a rule was awarded against it to show cause why it should not be compelled to pay the same.

The two principal reasons assigned why it should not be done are: *first*, that the court rendering the judgment had no jurisdiction of the case, and that the sale was void; *second*, that by the judgment appellant is required to pay the *whole* of the first installment of the purchase-money, although that is more than the widow is entitled to receive, and no statutory guardian had been appointed for the minor, and there is no one authorized to receive his part of the money; and that until such appointment is made, or the heir arrives at age, a lien remains on the property in his favor, notwithstanding the money may have been paid over under an order of the court.

An act approved February 15, 1866, entitled "An act to amend chapter 86 of the Revised Statutes" (Myers's Supplement), provides that "when land is held by coparceners, joint-tenants, or tenants in common, or otherwise, by several parties, a court of equity having jurisdiction thereof may, upon a petition of a part of such owners against the others, order a sale of such land, and a division of the proceeds among those entitled, where it shall have been made to appear to the court by competent proof that a division of the land would materially impair its value: *provided, however*, if any party in interest shall, before the final trial of the action, appear and demand that his or her share of the land sought to be sold be laid off by partition, the court shall by proper proceedings direct the share of such person to be laid off." Section 3 provides that when some of the parties interested are infants, persons of unsound mind, or married women, the provisions of section 543 of the Civil Code of Practice shall be complied with before a sale is ordered.

The primary question in the case is whether Mrs. Bertha Beck, as dowress, is an owner or proprietor of such an interest

or part of the property, within the meaning of the act, as enables her to institute this suit?

It is obvious from the language of the statute that it provides for the sale of real estate held by two or more owners, entitled each to separate parcels, and that a division of it among those entitled would impair the value, or that the several parts after the division would not be worth as much as the property would be as a whole or in an undivided state. The division contemplated by the statute is a permanent separation of the property into distinct parcels, and not a mere allotting or setting apart for a particular purpose a portion of it for a period limited in duration, but which must terminate; though the time of the termination be uncertain, when the whole will revert to and unite in the person who owned all but the particular estate.

If the latitudinous construction contended for be given to this statute, then a widow having only a life-estate in one third of the real estate of her deceased husband may, by making it appear to the court by competent proof that dower could not be assigned her in said real estate, which in most cases includes the mansion-house, without materially impairing the value of the whole estate, file her petition against the heirs, who may be infants, and procure a sale of the whole estate, although it might prove most disastrous to them; whereby a new mode would be discovered to obtain the sale of infants' real estate not heretofore known, nor contemplated by the legislature, as we believe. And certainly without a more direct expression of legislative will to that effect we are not willing to give that construction to the statute, there being other and more direct modes provided for the sale of infants' real estate when such sales can be shown to be advantageous.

Henning proves that the property was worth $25,000, and Buckhanan $22,500, so that from the weight of the evidence

the infant is to get less by the sale than his property is worth, as it sold for only $21,000.

Wherefore the judgment is reversed, and the cause is remanded with directions to dismiss the rule against appellant.