### Stone v. Middleton.

(Decided June 14, 1911.)

## Appeal from Warren Circuit Court.

1.  Judicial Sale—Purchase For Owner—Parol Proof—Parol proof may be heard to show that the purchaser at a judicial sale bought the property in trust for the owner.

2.  Purchase For Owner—Admission of Purchaser—Where property was sold at a judicial sale for much less than its value and the purchaser often afterwards admitted that he had bought the property in trust for the owner who remained in possession as before, the judgment of the chancellor requiring the purchaser to execute the trust will not be disturbed.

SIMS & RODES for appellant.

T. W. & R. C. P. THOMAS and WRIGHT & McELROY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

A. O. Middleton is the widow of J. R. Middleton, who was for many years a prominent merchant in Louisville. E. E. Stone married their daughter, Annie. He and his wife lived with the Middletons from the time they were married until she died. He continued to live with them after his wife died. Mr. Middleton died the next year, 1889. Several years after his first wife's death, Stone married the second daughter, Jessie. They also lived with the Middletons from the time they were married. Mrs. Middleton owned a farm of 450 acres, which had been devised to her by her grandfather, there being a provision in the will that if she died without lawful issue living at her death, the property should go to certain other persons. The family moved from Louisville to the farm and Mrs. Middleton erected on the farm a residence costing her about $5,000. In this and other ways she became in debt to various creditors, some of whom asserted liens on the house, and in a suit brought against her the property was sold. The sale was made on August 29, 1895, and E. E. Stone became the purchaser at the price of $3,759.61, this being the sum of all the debts. His father went upon his sale bond as his surety. On December 5, 1895, Mrs. Middleton executed a deed to Stone

for. the recited consideration of $8,230.45 in hand paid, and he then executed a mortgage on the land to the Mutual Benefit Life Insurance Company for $4,000, the proceeds of which were used to pay the sale bonds he had executed the preceding August. Stone was still living with his wife and children with Mrs. Middleton and her family on the farm and they continued after this transaction to live there as before. She had two sons and two other daughters. On December 4, 1906, Stone mortgaged the land for $8,000, using $4,000 of the proceeds to pay off the prior mortgage. On May 18, 1908, Mrs. Middleton brought this suit against Stone charging that he had bought the property at the judicial sale as trustee for her and upon the trust that he would reconvey it to her when the debts were paid off; that the deed executed the following December was made so that he could execute a mortgage on the land and obtain the money to meet the sale bonds; that he had always recognized her title and that they had all lived on the land as one family until about the time the suit was brought when he had set up claim to own the land in his own right. Stone filed answer in which he traversed the allegations of the petition. Much proof was taken, and on final hearing the court adjudged that Stone held the property in trust for Mrs. Middleton as alleged in her petition and referred the case to the commissioner to make a settlement between her and him, crediting him by what he had paid out and charging him with what he had received. From this judgment Stone appeals.

The weight of the evidence and not a few very potent circumstances sustain the conclusion of the chancellor. Stone had for many years lived with his mother-in-law She looked upon him much as a son, and we can not for a moment believe that when he purchased the land at the judicial sale for $3,759.61, either he or she contemplated that he was purchasing it for himself. The land under the evidence was then worth at least $18,000 or $20,000. It was the home of the family and the family continued to live on it from that time until about the time this suit was brought. While that sale paid off the debts that Mrs. Middleton owed, it is evident from the record that both she and Stone had concluded that it was better for her not to hold the property in her own name, not for the purpose of defrauding any creditor

but simply for the purpose of protecting her against her own improvidence. On August 26, 1895, or three days before the Commissioner's sale, a deed was made by her to Stone for 700 acres of land that she owned in Edmonson county. Stone says that he never accepted this deed and knows nothing about it, and it would seem that she had it recorded. It recites a consideration of $5,300 when both parties agree that nothing was paid, and it is hard to resist the conclusion that this deed and the purchase by Stone three days later of the home tract at the Commissioner's sale are part of one and the same plan. While the deed which she executed on December 5, 1895, recites a cash consideration of $8,230.45, she says that nothing was paid her, and the deed was executed simply to enable Stone to make the mortgage as the mortgagee was unwilling to lend the money as the land had not been sold for two-thirds of its value. Stone's testimony as to how this consideration was paid is not entirely satisfactory. On March 26, 1896, and after this deed was made, to straighten a line, a land trade was made with one of the neighbors by which a part of the home tract was exchanged with the neighbor for a part of his tract, and in this deed Stone had Mrs. Middleton to join him. There is parol evidence by a number of witnesses of admissions by Stone of like character for a number of years after this. We give weight to the finding of the chancellor on disputed questions of fact, and we do not disturb his finding because he credits one witness rather than another. In view of all the evidence we do not see that he erred in holding that the trust had been established. Such a trust may be shown by parol evidence. (McConnell v. Gentry, 99 S. W., 278; Combs v. Combs, 99 S. W., 919; Noel v. Fitzpatrick, 100 S. W., 321; Payne v. McClure Lodge, 115 S. W., 764; Hobbs v Rowland, 136 Ky., 197.)

Judgment affirmed.