## Fitzpatrick, et al. v. Roark, et al.

(Decided February 26, 1918.)

### Appeal from Magoffin Circuit Court.

Husband and Wife—Resulting Trust—Deeds—Evidence.—In a suit by the wife to have a deed conveying land to her husband, or to her and her husband jointly, reformed upon the ground that her money paid for the land and it should have been conveyed to her, it is necessary to show that the money of the wife paid for the land, and that the husband committed a breach of trust by deceiving the wife into believing that the title would be or had been conveyed to her, or by agreeing that it should be so conveyed and breaking the agreement without her knowledge or consent.

WALTER R. PRATER and D. G. SUBLETT for appellants.

JOHN H. GARDNER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In February, 1909, Patrick and his wife conveyed to J. W. Barnett and his wife, Martha Barnett, and Charles Roark and his wife, Ella Roark, a tract of land in Magoffin county, each of the grantees taking under this deed a one-fourth undivided interest. Barnett and his wife, Martha, had two children, Ella Roark, who married Charles Roark, and George Ann Fitzpatrick, who married Burns Fitzpatrick. In 1912 J. W. Barnett died, leaving a will by which he gave to his wife, Martha Barnett, one dollar and to his daughter, George Ann Fitzpatrick, all of his real estate. A few days after this, Martha Barnett, claiming to be the owner of one-half of the land conveyed by the Patricks as above mentioned, deeded to Charles Roark and his wife, with covenant of general warranty, this one-half interest, which included the one-fourth interest that her husband, J. W. Barnett, had in the land under the terms of the deed made by the Patricks. And it is this one-fourth interest in the land that J. W. Barnett willed to his daughter, George Ann Fitzpatrick, who claims it under the will. It will thus be seen that Roark

and his wife claim this one-fourth interest under the deed made by Mrs. Barnett to them, while Mrs. Fitzpatrick claims under the will of her father.

With the title in this condition, Roark and his wife brought this suit against Mrs. Fitzpatrick and her husband to have it determined who owned the one-fourth interest that J. W. Barnett held under the terms of the deed made by the Patricks.

In her answer to this suit George Ann Fitzpatrick and her husband set up title to this one-fourth interest under the will of J. W. Barnett and sought to recover from the Roarks $375, the value of timber cut by them from this part of the land.

Martha Barnett came into the suit and set up that she furnished the money that paid for one-half of the land bought from the Patricks—the Roarks paying for the other one-half—and that J. W. Barnett, her husband, agreed that the deed to one-half of this land should be made to her; that in violation of this agreement, and wtihout her knowledge or consent, he had the deed so made as that he became the owner of one-fourth of it. She asked that the deed made by the Patricks be reformed and it be adjudged that J. W. Barnett had no interest in the land, and that she be adjudged to have been at all times the owner of one-half of it.

After the issues were made up and the evidence taken, the lower court decided that Mrs. Barnett furnished the money to pay for one-half of the Patrick land, and that J. W. Barnett, in having himself made one of the grantees in the deed, violated the trust reposed in him by his wife, to whom the title to one-half of it should have been conveyed, and so reformed the deed as to invest Martha Barnett with the title to one-half of the land. He further adjudged that Ella Roark and Charles Roark by virtue of their deed from Mrs. Barnett were entitled to one-half of the Patrick land and consequently to the one-fourth in controversy. And from this judgment the Fitzpatricks appeal, insisting that they have title to the one-fourth under the will of J. W. Barnett.

There seems to be no serious dispute about the fact that Mrs. Barnett paid the purchase price for one-half of this Patrick land, or, at any rate, that it was paid with money that came through her; but there is, we think, a failure to show any breach of trust on the part of J. W. Barnett in having the deed to this land drawn so that

he would have the title to one-fourth of it. In suits like this, where it is sought by the wife to have a deed conveying land to her husband, or to her and her husband jointly, reformed upon the ground that her money paid for the land, and it should all have been conveyed to her, it is necessary that there should be evidence to show, first, that the money of the wife paid for the land, and second, that the husband, in having the deed show title in himself to a part of it, committed a breach of trust by deceiving or defrauding the wife into the belief that the title would be or had been conveyed to her, or by agreeing that it should be conveyed to her, and breaking the agreement without her knowledge or consent. May v May, 161 Ky. 114; Foushee v. Foushee, 163 Ky. 524; Neil v. Noland, 166 Ky. 455.

The wife of course has the right to buy land and have the title conveyed to her and her husband, or to him alone, and when she seeks to reform and correct a deed so made, she must show by competent evidence that there was a breach of trust or a violation of an agreement on the part of the husband.

Having this view of the law of the case, and it appearing, as we have said, that Mrs. Barnett paid the purchase price for one-half of the Patrick land, the only question about which we need concern ourselves is, was there sufficient evidence to show that, in having the deed so written as to convey to him one-fourth of the land, her husband, J. W. Barnett, committed a breach of trust or violated any agreement that he had made with his wife?

The only evidence on this subject is that of Mrs. Barnett, and of course this evidence, to which exceptions were filed, was incompetent. The mere allegation that the deed was made to Barnett without the knowledge or consent of his wife, was not sufficient to overturn the terms of the deed. It results, therefore, that the judgment must be reversed.

Some other questions are raised in an indefinite way on the record, but the only one that we pass on is the one touching the ownership of the one-fourth interest in the land, and as to this we hold on the record before us that George Ann Fitzpatrick has title to this land under the will of her father. All other questions are left open to be disposed of in the lower court.

Wherefore, the judgment is reversed, with directions for further proceedings in conformity with this opinion.