## Cooksey, et al. v. Tolliver, et al.

(Decided March 24, 1925.)

### Appeal from Johnson Circuit Court.

1   Trusts—Constructive Trust Not Created by Purchase of Land
    with Another's Money and Taking of Title in Purchaser's Name.
    —That land was purchased with another's money and title taken
    in purchaser's name would not create a constructive trust in such
    other's favor under Ky. Stats., section 2353, unless she did not
    consent thereto.

2.  Trusts—Constructive Trust Held Not Created by Purchase of
    Land with Another's Money and Taking of Title in Purchaser's
    Name.—Constructive trust held not created by purchase of land
    with another's money and taking of title in purchaser's name,
    where deed was not attacked for more than 50 years after its exe-
    cution, and there was no fraud or showing that title was taken
    in purchaser's name without such other's consent.

3.  Reformation of Instruments—Trusts—Clear and Convincing Evi-
    dence Necessary to Establish Constructive Trust Involving Re-
    formation of a Deed.—Clear and convincing evidence that land
    purchased with another's money was taken in name of purchaser
    without such other's consent is necessary to establish a construc-
    tive trust involving reformation of a deed.

HOWES & HOWES for appellants.

WHEELER & WHEELER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Af-
firming.

Alleging a trust in favor of their deceased mother,
Mahala Cooksey, the plaintiffs sued the direct and re-
mote vendees of Drewry Tolliver to recover certain real
estate conveyed to Drewry Tolliver by Henderson Castle,
on the — day of ——, 1870. From a judgment for de-
fendants, plaintiffs appeal.

Plaintiffs' father was a soldier in the Union army
and died shortly after the war, seized and possessed of a
small farm in Johnson county. His widow and four
small children survived him as heirs at law.

A year or so after his death the widow employed
Drewry Tolliver as a work hand on the farm; a court-
ship ensued and they were married. In the meantime
she collected seven or eight hundred dollars in pension
money and they selected another farm which was pur-

chased for a consideration of $450.00, deed being made to Drewry Tolliver, and the family moved on this farm.

Children were born of the new union and as time passed the older ones married and moved away. Drewry Tolliver managed and controlled the farm and paid the taxes thereon. Mahala Tolliver could read print, but it is said she could not read writing.

There is evidence that at the time the deed was executed the grantors said it was made to Mahala Tolliver and her heirs, and that occasionally during her lifetime she referred to it as her land, and that in one or two instances Drewry Tolliver made similar statements.

On the other hand, it is not claimed that the deed has been changed in any way. It was prepared by close friends of Mahala and read over to her at the time of its execution by a friend who was above reproach.

It was recorded, brought home and remained at the Tolliver residence during Mahala's lifetime and no objection to it was ever raised. Mahala Tolliver died in 1913. In 1914, for a valuable consideration, Drewry conveyed a portion of this land to one of his younger sons, N. B. Tolliver, and the latter has since conveyed it to one Wilson.

Subsequent to 1914, Drewry Tolliver married again and has one child by his second wife. On April 5, 1920, in consideration of love and affection, he conveyed the remainder of this land to his second wife during widowhood, with remainder to their infant child, Mildreth.

In this suit it is claimed that he was insane at the time of the execution of the last deed. It is also urged that both N. B. Tolliver and Wilson took with notice of a trust in plaintiffs' favor.

We have no hesitancy in reaching the conclusion that the land in question was purchased with Mahala's money; but this alone did not create a trust in her favor, as she could have consented thereto.

Section 2353, Kentucky Statutes, recognizes a constructive trust, "In a case where the grantee takes the deed to himself without the consent of the one paying the consideration or where the grantee in violation of some trust shall have purchased the land deeded with the effects of another person."

As has been said, the deed was prepared by her friends and read to Mahala Tolliver at the time of its execution. It was duly recorded and remained in her residence, where it was subject to her inspection for a

period of forty-three years before her death and was not attacked for more than fifty years after its execution.

While there is some evidence that it was understood to be in the name of Mahala Tolliver and her heirs, there is no proof of any fraud in its execution. Nor is it shown by clear and convincing evidence that it was taken in the name of Drewry Tolliver without her consent. Such evidence is necessary to establish a trust of this character involving the reformation of a deed. Webb v. Webb, 200 Ky. 488; 39 Cyc. 192; May v. May 161 Ky. 114; Pool v. Thomas, 10 Rep. 92; Foushee v. Foushee, 163 Ky. 524; Neel v. Noland, 166 Ky. 455; Nelson v. Nelson, 96 S. W. 794; Fitzpatrick v. Roark, 179 Ky. 504; Holtzclaw v. Wells, 166 Ky. 353; Acker v. Henry Clay Oil Co., 196 Ky. 508.

We conclude this evidence insufficient to establish a trust in favor of Mahala Cooksey, and it is, therefore, unnecessary to discuss the other questions raised.

Wherefore, the judgment is affirmed.