**J. K. SCOGGAN, Trustee in Bankruptcy of Pickerill Motors, Inc., Plaintiff,**

v.

**Helen HOFF and The First Hardin National Bank, Executor of the Estate of Lee R. Hoff, Deceased, Defendants.**

**Civ. A. 3085.**

United States District Court
W. D. Kentucky,
Louisville Division.

Aug. 22, 1958.

———◆———

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, Ky., for plaintiff.

J. Bernard Brown, D. Paul Alagia, Jr., Louisville, Ky., for defendants.

SHELBOURNE, Chief Judge.

This action was filed January 11, 1956, by J. K. Scoggan, Trustee in Bankruptcy of Pickerill Motors, Inc., plaintiff, versus Lee R. Hoff, defendant, subsequently, Helen Hoff, wife of Lee R. Hoff, was made a party defendant. During the pendency of this action and on March 6, 1958, Lee R. Hoff died and this case was revived, as to defendant Lee R. Hoff, against The First Hardin National Bank as executor under the will of Lee R. Hoff, deceased.

The plaintiff seeks to avoid a deed executed by Pickerill Motors, Inc., to Lee R. Hoff on July 21, 1955, preceding the adjudication as a bankrupt of Pickerill Motors, Inc., pursuant to its voluntary petition in bankruptcy filed August 17, 1955. The property conveyed consisted of two and one-half lots described as

---

3. United States v. Wilder, 13 Wall. 254, 80 U.S. 254, 20 L.Ed. 681.

Lots 36 and 37 and the south half of Lot 35 in Block B of Highlands Addition to the Town of Elizabethtown, Kentucky. The plaintiff alleges that the deed from Pickerill Motors to Lee R. Hoff constituted a voidable preference within the meaning of Section 60 of the Bankruptcy Act (11 U.S.C.A. § 96) and a voidable preference, because it was allegedly made by Pickerill Motors with intent to defraud its creditors, within the meaning of Section 67, sub. d(2) (d) of the Bankruptcy Act (11 U.S.C.A. § 107, sub. d(2) (d)); that the transfer of the lots is void under the provisions of KRS 378.-010 and, therefore, void under Section 70, sub. e(1) of the Bankruptcy Act (11 U.S.C.A. § 110, sub. e(1)).

The defendants Lee R. Hoff and Helen Hoff denied all of the allegations of the complaint save and except the allegations with respect to plaintiff's appointment and qualification as Trustee in Bankruptcy and the allegations as to jurisdiction.

The case was tried to the Court without a jury on December 3 and 4, 1956. The case was submitted, following the filing of briefs, on February 10, 1958. The case was re-opened following the death of Lee R. Hoff on March 6, 1958, and was again submitted on July 9, 1958.

The sections of the Bankruptcy Act and the Kentucky Revised Statutes involved here are as follows:

"*Section 60 sub. a(1) of the Bankruptcy Act.*—A preference is a transfer, as defined in this Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by him or against him of the petition [initiating a proceeding under this Act], the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

"*Section 67, sub. d(2) of the Bankruptcy Act.*—Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this Act by or against him is fraudulent * * * (d) as to then existing and future creditors, if made or incurred with actual intent as distinguished from intent presumed in law, to hinder, delay, or defraud either existing or future creditors."

"*Section 70, sub. e(1) of the Bankruptcy Act.*—A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor."

"*KRS 371.010.*—No action shall be brought to charge any person:

\* \* \* \* \* \*

"(8) Upon any promise, agreement, or contract for any commission or compensation for the sale or lease of any real estate or for assisting another in the sale or lease of any real estate; unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. The consideration need not be expressed in writing, but it may be proved when necessary or disapproved by parol or other evidence."

"*KRS 378.010.*—Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond or other evidence of debt given, action commenced or judgment suffered, with like intent, shall be void as against such

creditors, purchasers and other persons. This section shall not affect the title of a purchaser for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

"KRS 381.170.—When a deed is made to one person, and the consideration is paid by another no use or trust results in favor of the latter unless the grantee takes a deed in his own name without the consent of the person paying the consideration, or unless the grantee in violation of a trust purchases the lands deeded with the effects of another person. Such deeds are fraudulent as against the existing debts and liabilities of the person paying the consideration."

"KRS 382.080.—(1) No deed conveying any title to or interest in real property, or lease of oil, gas, coal or mineral right and privilege, for a longer time than five years, nor any agreement in consideration of marriage, shall be good against a purchaser for a valuable consideration without notice thereof, or any creditor, unless the deed is acknowledged by the party who executes it, or is proved and lodged for record in the proper office, as prescribed by law.

"(2) The provisions of this section shall apply with like protection to the creditor of, or innocent purchaser from, the heir or devisee of the grantor."

"KRS 382.110.—(1) All deeds, mortgages and other instruments required by law to be recorded to be effectual against purchasers without notice, or creditors, shall be recorded in the county clerk's office of the county in which the property conveyed, or the greater part thereof, is located."

The Court makes the following findings of fact from the testimony heard, the depositions and exhibits:

## Findings of Fact

(1) July 8, 1954, Lee R. Hoff gave to Pickerill Motors, Inc., his check for $2,750, which Pickerill Motors deposited to its credit and used in releasing from a "floor plan lien" a station wagon sold to H. E. McCullum. On the same date, McCullum (along with a joint owner) executed a deed to Lots 37 and 36 and half of Lot 35 in an addition to the Town of Elizabethtown, Kentucky, to Pickerill Motors, Inc. The understanding between McCullum, Earl Pickerill, President of Pickerill Motors, Inc., and Hoff was that the lots would be conveyed to Hoff; the $2,750 was credited to McCullum on the books of Pickerill Motors, and the matter was handled as a cash transaction. Hoff knew that the lots were conveyed to Pickerill Motors, Inc., but told Earl Pickerill that he could later convey the lots to him (Hoff). The matter remained in that status until July 21, 1955, except that the lots were placed in the hands of a real estate agent for sale, but without avail. On July 21, 1955, Pickerill Motors, Inc., conveyed the lots to Hoff and August 17, 1955, Pickerill Motors, Inc., filed its voluntary petition in bankruptcy.

(2) Pickerill Motors, Inc., was in financial straits and, from the proof in this case, was insolvent from May 31, 1955, until its adjudication in bankruptcy on August 17, 1955.

(3) In addition to the $2,750 advanced on July 8, 1954, by Hoff as the purchase price of the station wagon sold to McCullum, Pickerill Motors, Inc., borrowed from and owed to Lee R. Hoff at the time of its adjudication in bankruptcy $28,000. Hoff had loaned to Pickerill Motors, Inc., $15,000 on June 30, 1954; the loan was evidenced by a note without security, and the interest on the $15,000 note was paid by Pickerill Motors for one year. March 23, 1955, Hoff loaned Pickerill Motors $5,000, evidenced by a note without security, and on June 23, 1955, Hoff loaned to Pickerill Motors an additional $8,000, making the aggregate indebtedness of Pickerill Motors to Hoff, exclusive of the station wagon transaction, $28,000. On June 23, 1955, Pickerill

Motors executed to Hoff a real estate mortgage and, on July 25, 1955, a chattel mortgage from Pickerill Motors to Hoff was executed. The $28,000 was proven by Hoff and filed as a preferred claim in this bankruptcy proceeding.

(4) It is the contention of counsel for Hoff that, by the transaction of July 8, 1954, in which Hoff paid to Pickerill Motors, Inc., $2,750 for the purpose of enabling Pickerill Motors to release the station wagon sold to McCullum from the "floor plan lien" of Federal Services, Hoff became the beneficiary of a trust; that the deed executed by McCullum, et al., to Pickerill Motors, Inc., conveyed the property to Pickerill Motors only in trust for Hoff under the provisions of KRS 381.-170, supra. Therefore, he contends that Pickerill Motors, Inc., holding title to the real estate conveyed to it by the deed of July 8, 1954, held the property in trust for Hoff and merely discharged the trust by its conveyance to Hoff on July 21, 1955.

(5) Counsel for the Trustee contends that the deed of July 21, 1955, should be avoided under Section 60, sub. b and Section 67, sub. d(2) (d) of the Bankruptcy Act.

## Conclusions of Law

(1) This Court has jurisdiction of the parties and the subject matter here involved, it being a matter in bankruptcy.

(2) KRS 381.170, it will be noted, prohibits a resulting trust to arise out of a transaction when a deed is made to one person and the consideration is paid by another, unless the grantee takes a deed in his name without the consent of the person paying the consideration. Counsel for Hoff cites cases from the Kentucky Court of Appeals, such as Morris v. Thomas, 310 Ky. 501, 220 S.W.2d 958;

Roche v. Roche, 188 Ky. 327, 222 S.W. 86; and Evans v. Payne, 258 S.W.2d 919. But, in all cases referred to by counsel where a trust resulted from the transaction title was taken in ignorance of the person paying the consideration. In none of the cases referred to by counsel is the bankruptcy statute involved.

Section 60, sub. a(1) of the Bankruptcy Act (11 U.S.C.A. § 96, sub. a(1)) defines a preference, as used in the bankruptcy statute, as a transfer of property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt while the debtor or transferor is insolvent and made within four months before the filing of the bankruptcy proceeding, the effect of which transfer will be to enable the creditor to obtain a greater percentage of his debt than some other creditor of the same class. Section 60, sub. b of that Act provides that such a transfer may be avoided by the Trustee if the creditor receiving it or to be benefitted thereby has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent.

The Court concludes that this provision of that Act is sufficient to avoid the transfer. However, the Court is further of the opinion that, at the time the deed from Pickerill Motors, Inc., to Lee R. Hoff was made on July 21, 1955, Pickerill Motors was insolvent, Hoff knew it, and Earl Pickerill intended to prefer Hoff to the exclusion of his other creditors.

It is, therefore, concluded that the Trustee is entitled to avoid the transfer evidenced by the deed of July 21, 1955. Counsel for the Trustee will tender a judgment so providing, in accordance with Rule 7 of the Local Rules of this Court.