## Stovall, et al. v. Oates, et al.

(Decided March 21, 1913.)

### Appeal from Muhlenberg Circuit Court.

1. Land—Sale of Indivisible Tract for—Division of Proceeds—Dower Interest.—An indivisible tract of land may be sold under subsection 2 of section 490 of the Code for a division of the proceeds among the joint owners, although a widow owns a dower interest or a life estate in one-third of the land.

2. Land—Subsection 2 of Section 490 of Civil Code—Parties.—In a proceeding brought to sell the land under subsection 2 of section 490, the wife of a joint owner is a necessary party to the action.

W. C. JONSON for appellant.

HOWARD & GRAY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

George W. Oates died a resident of Muhlenberg County in June, 1912, the owner of a tract of 106½ acres of land. He left surviving him his widow, Virginia Oates, and the following children: Walter Oates, Henry W. Oates (whose wife is Estella Oates), Georgia May Vaughn (whose husband is D. E. Vaughn), Mollie Atkins (whose husband is Highland Atkins), Linnie Atkins (whose husband is W. A. Atkins), and Amos Stovall. This action was brought by Virginia Oates, the widow, Walter Oates, Henry W. Oates, Georgia May Vaughn and her husband, D. E. Vaughn, against Mollie Atkins and

her husband, Highland Atkins, Linnie Atkins and her husband, W. A. Atkins, and Amos Stovall, the infant. It was alleged in the petition that the widow, Virginia Oates, was sixty-seven years old, and in good health, and that she was willing to take the value of her dower in the property; that the land could not be divided without materially impairing the value of the plaintiff's interest therein, and the share of each joint owner thereof; and that a sale of the land was necessary for a division of the proceeds among the owners. A *guardian ad litem* was appointed for the infant defendant who had no guardian; proof was taken, and a judgment was entered for a sale of the land. The *guardian ad litem* in the name of the infant prosecutes the appeal before us.

It is insisted that a sale of the land cannot be had under subsection 2 of section 490, of the Civil Code, for the reason that there is a life estate in the widow in one-third of it. The precise question was before this court in Hatterich v. Bruce, 151 Ky., 12, that case having been decided since this appeal was taken. We there held that while the life tenant cannot demand a sale of the property, one of the joint owners may demand a sale for the purposes of division, although there is a life estate in some part of the property. In that case, as here, there was a life estate in one-third of the property.

But the proceedings are unwarranted in one respect. Estella Oates, the wife of Henry W. Oates, is not a party to the action, and was not before the court in any way. Subsection 2 of section 495 of the Civil Code provides:

"If a woman have a vested or contingent right to dower in land sought to be sold, under section 490, she shall be made a party to the action brought to sell such land, and the court may, with or without her consent, order a sale of the land free from her right; and shall provide for a reasonable compensation to her out of the proceeds of sale, or that she shall have the same right in property purchased with the proceeds as she had in the property sold."

Estella Oates has a contingent right to dower in her husband's share of this land, and it was improper to order the sale of the land when she was not before the court, as such a sale will not divest her of title. (Woman's Club v. Reed, 111 Ky., 806; Reed v. Reed, 25 R. 2324; Finney v. Finney, 144 Ky., 114.)) It is prejudicial to the infant that his land should be sold when all the

parties in interest are not before the court; for this may lead to a sacrifice of the infant's interest.

Judgment revesred and cause remanded for further proceedings consistent herewith.