### Martin, etc. v. Franklin, etc.

(Decided September 30, 1914.)

Appeal from Knott Circuit Court.

1. Husband and Wife—Deed Executed to Husband With Wife's Consent—Heirs of Wife Cannot Recover from Husband.—Where land is bought with the money of the wife and deeded to the husband with her consent, no trust arises and the heirs of the wife cannot recover it from the husband.

2. Descent and Distribution—Heir Cannot Sue for Personalty of Decedent.—The heir cannot sue for the personal property of the decedent; the cause of action for this is in the personal representative.

R. O. BRASHEARS and HAZELRIGG & HAZELRIGG for appellants.

SMITH & COMBS, BYRD & NICKELL, CHARLES H. MORRIS and J. M. COOK for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Marian Hall died a resident of Letcher County about the year 1880 leaving surviving him three children, a son and two daughters. His daughter, Anna, married John S. Franklin, and received from her father's executor a tract of land on Puncheon Fork of Beaver Creek, valued then at $1,500. She and her husband settled on the land soon after their marriage in the year 1898. While they lived there she received from the executor $1,000 or $1,500 in money. This was spent in improving the property and in household expenses. Her husband worked on the farm, which was little improved when they got it, and from time to time erected improvements upon it. When they had lived there about five years they sold the farm to the Northern Coal & Coke Company for $3,900, which was paid to the hus-

band, and deposited in the bank to his credit. This was in the year 1903. With $1,000 of this money he purchased a tract of land on Arnold Fork, and with $500 he purchased another tract known as the Scott Burks place. The deeds to both of these tracts were taken to the husband. They moved upon the first tract and he made a number of improvements on it. They continued to live there until her death in 1909. At her death the improvements erected on the tract had cost about $2,000 They had three children, who all died before their mother. She died intestate. After her death her sister, Cordelia Martin, brought this suit against John S. Franklin, her husband, and Annie and Lulie Hall, the daughters of the brother, who in the meantime had also died. She charged in her petition in substance that her sister had died the owner of the two tracts of land referred to, and that she also owned at her death a large amount of personal property. She prayed judgment for the land or a division of it and for the personal property or her part of it. An answer was filed controverting the allegations of the petition; proof was taken, and on final hearing, the circuit court dismissed the petition. She appeals.

Section 2353, Kentucky Statutes, is as follows: "When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person."

While it is clear from the record that the two tracts of land in controversy were purchased with the proceeds of the sale of the Puncheon Fork tract, which was the property of the wife, it is equally clear from the evidence that the deeds to these two tracts were taken to the husband with the knowledge and consent of the wife, and that it was a settled purpose on her part that her husband should have her property at her death. They lived very affectionately together. Her husband had little means when they married, but he was a hardworking, thrifty man. He carried on a logging business and afterwards ran a store. They kept a common purse and what either had belonged to both. She knew how

the deeds had been made, and although she lived for six years after they were made she at no time made any objection, and from the evidence it is clear that the deeds were made as she wanted them made. The deeds having been taken in the husband's name with her consent and not in violation of any trust, no use or trust resulted in her favor although she paid the consideration.

It developed in the action that the title to the Puncheon Fork tract was not in Marian Hall, but in his wife, who had died some years before her husband, and was the mother of the three children, he having held the land after her death as tenant by the curtesy, and the children regarding it as his land. They had divided all the property treating it as one estate. If the mother's estate had been divided between the three children, and the father's estate had then been divided equally between them, separately from the mother's estate, they would have come out just as they did. Their treating all the property as descending from the father simply simplified the division, and in no wise affects the merits of the controversy.

As to the personal property the proof is very unsatisfactory as to what, if any, Mrs. Franklin owned at her death. But the title to her personal property, if she owned any, vested in her personal representative; and a suit to recover it must be brought by him. The heir can not maintain an action to recover the personal property of the intestate or his interest in it. (Boughner v. Sharp, 144 Ky., 320; Layne v. Clerk, 152 Ky., 310.)

The conclusion we have reached makes it unnecessary for us to pass on the other questions raised.

Judgment affirmed.