## VanMeter v. VanMeter.

(Decided October 8, 1914.)

### Appeal from Fayette Circuit Court.

Judicial Sales—Vested Estate Jointly Owned by Doweress and Heirs—When May be Sold.—Where the widow has dower in indivisible property, the remainder of the property being owned by one child, a sale cannot be had under section 490 of the Code upon the petition of either of the parties. But if the estate is owned by the widow as doweress and the remainder by two or more heirs a sale may be ordered under this section.

ALLEN & DUNCAN, B. R. JOUETT and H. H. MOORE for appellant.

GEORGE C. WEBB for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Fields VanMeter, an infant, owns the fee in a two-thirds, undivided interest and the remainder in the other one-third of a residence and lot upon which it is situated, in which the appellee, Fannie S. VanMeter, owns a one-third, undivided life interest set apart to her as dower in this property, which is worth probably $12,000.

The appellant, by his guardian, brought this suit in the Fayette Circuit Court against the appellee, asking for a sale of the property and that the proceeds be divided by alloting to appellee the present value of her dower interest therein and to appellant the remainder.

The suit was brought under section 490 of the Civil Code, reading: "A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant—if the share of each owner be worth less than one-hundred dollars—or if the estate be in possession and the property can not be divided without materially impairing its value, or the value of the plaintiff's interest therein."

The appellee resisted a sale upon the ground that it was not authorized by section 490, and the court, adopting this view, dismissed the petition of the plaintiff, and this appeal has been prosecuted from the judgment of dismissal.

There is only one question for decision and that is, does section 490 authorize a sale of property owned as this property is?

It will be observed that section 490 provides that "a vested estate in real property, jointly owned by two or more persons may be sold by order of a court of equity, in an action brought by either of them, * * * if the estate be in possession and the property can not he divided without materially impairing its value, or the value of the plaintiff's interest therein."

It may be conceded that this estate is in the possession of the parties, and it is of course admitted that it can not be divided; but this is not sufficient to authorize a sale under this section. The property sought to be sold must not only be a vested, indivisible estate, but must be jointly owned and in possession.

We think the precise question here presented was decided in Fullenwider v. Johnson, 145 Ky., 19. In that case the suit was brought by the widow, who owned a

dower interest in indivisible property, against her son and only child for the purpose of having it sold for a distribution of the proceeds between them as the court might direct; and it was held that the court had no jurisdiction to order a sale under section 490, because the conditions necessary to confer jurisdiction were lacking. The court said:

"The fact that the estate of the parties is a vested estate, or that they are in possession, will not be sufficient to confer jurisdiction, unless it also appear that the estate is jointly owned. It may be conceded that the widow and the infant each owned a vested estate, and that both were in possession, the widow of her dower interest and the infant of the remainder of the estate, but the question remains, was it jointly owned in the meaning of the Code? The infant owned the fee, subject to the life estate or dower interest of the widow in one-third, or, in other words, the widow owned a life interest in an undivided one-third. In our opinion this did not constitute a joint ownership in the proper meaning of the Code." And in support of this construction the court cited the cases of Liederkranz Society v. Beck, 8 Bush, 597, and Lee v. James, 81 Ky., 446.

We do not think the circumstance that in the Fullenwider case the suit was brought by the widow, who owned an undivided one-third for life, against the owner of the remainder of the estate, while in this case the suit is brought by the owner of the fee in two-thirds and a remainder in one-third against the owner of the other interest, changes the status so that jurisdiction would attach in this case although denied in the Fullenwider case. Under section 490, if either of the joint owners can bring suit, any of them can bring it, and unless any of them can bring it, no one of them can bring it. So that it is not material which one of the parties brings the suit, for if it could not be brought by the other party, the one bringing it could not maintain the action.

It is contended, however, that the rule laid down in Fullenwider v. Johnson, and the cases that it followed, has been departed from in Jenkins c. McVaw, 145 Ky., 205; Hatterich v. Bruce, 151 Ky., 12; Stovall v. Oates, 153 Ky., 81, and Eldridge v. Embry, 158 Ky., 707, and furthermore that it conflicts with Atherton v. Warren, 120 Ky., 151, and Wormald v. Heinze, 28 Ky. Law Rep., 1022.

We do not think so. In no one of these cases was the property sought to be sold owned in the same manner as it was owned in the Fullenwider case or in this case.

In the McVaw case the property was owned in equal shares by three children subject to the dower interest of their mother, Alice B. Miller, and their grandmother, Isabella Miller. The children owned jointly a vested estate in possession in the property, which was indivisible, and in the suit by their mother, Alice B. Miller, to have it sold, under subsection 2 of section 490, for a division of the proceeds between her and her infant children—to which suit the infants, by their guardian, filed an answer joining in the prayer for a sale, this court held that the lower court had jurisdiction to order a sale of the property.

In the Hatterich case the property ordered to be sold was owned in fee by four infant children, subject to the dower right of their mother. In a suit brought by the mother, as guardian of the infant children and in her own right, under section 490, to obtain a decree for the sale of the indivisible property and a division of the proceeds, it was held that the court had jurisdiction to order the sale.

In the Stovall case the indivisible property sought to be sold under section 490, was owned by six children, subject to the dower interest of their mother. In a suit by the widow and some of the children against the others for a sale and distribution of the proceeds, under subsection two of section 490, it was ruled that the court had jurisdiction to make the sale.

We might further add that in Atherton v. Warren, 120 Ky., 151, and Wormald v. Heinze, 28 Ky. L. R., 1022, the ownership and holding was similar to that in the Hatterich case. In the Atherton case there were several children who owned jointly a vested estate in possession in the property. There were also other persons who owned life interests in the property, and it was held that the court had jurisdiction to order a sale under section 490.

In the Wormald case the property was vested, indivisible, and jointly owned by Lizzie Heinze and Ruth Wormald, subject to the curtesy right of Charles Wormald in an undivided one-fourth, and it was held that the court had jurisdiction to make the sale under section 490. It is, therefore, manifest that there is no conflict between these cases and the Fullenwider case.

In the Eldridge case the property sought to be sold under section 490 was owned by the widow, who had a fee in one-fourth of the land and a life estate in one-third of the other three-fourths, the remainder being owned jointly and equally by seven children.

In each of these cases one of the parties owned a life interest, but there were also two or more other parties who owned jointly a vested estate in possession. So that if we should leave out of view the holding of the life tenants in each of these cases, there would remain two or more joint owners whose title and ownership fulfill every requirement of section 490. These cases merely hold that where two or more persons own jointly a vested estate in possession in indivisible property, that it may be sold on the petition of either of them, although some other person may own a life interest in part of it. Or, to state the rule announced in these cases in another way, if "A" and "B" are the joint owners of a vested, indivisible estate in possession, it may be sold on the petition of either of them, under section 490, although "C" may own a life interest in part of it. As the right to have the sale under the conditions indicated is expressly authorized by section 490, this right is not to be defeated by the mere circumstances that there may be some other interests in the property.

There is no conflict between these cases and the Fullenwider case, because in these cases there was a joint ownership in the children independent of the interest of the widow, while in the Fullenwider case, as well as in this case, no such joint ownership exists between two or more persons, as the whole estate is owned by the widow and one child. This distinction is recognized and aptly stated in Grider on Sales of Real Estate of Infants and Other Persons Under Disability, where it is said, on page 94, that:

"A dower right of itself is not such an estate as would authorize the widow as a joint owner to sue for a sale of the property and a division of the proceeds; but where the widow holds unassigned dower and is the statutory guardian of two or more of her children who own the fee, she may, as any other guardian, petition for a sale of the property and a division of the proceeds between the children, she accepting the value of her dower interest in money. The joint holding necessary to give the court jurisdiction under this section is not

between the widow and the children, but between the several children themselves.

"Where the widow holds unassigned dower in property, and the fee, subject to her dower, rests in her only child, she could not either as doweress or as statutory guardian for her child, have the property sold under this sub-section, nor could any other person acting as guardian do so, for there is no joint holding between the doweress and the free-holder; the child being the owner of the entire estate encumbered by the dower interest."

The facts of this case present strong reasons why a sale should be ordered, and we would do so if the power existed. But we have written time and again that the authority to direct sales in cases like this must be found in the Code, and if it can not be there found, relief must be denied. We think, however, that it would be well for the legislative department of the State to make some provision for the sale in all cases of indivisible property in which a dower right existed.

Being of the opinion that the judgment of the lower court was correct, it is affirmed; the whole court sitting.