## Foushee v. Foushee, et al.

(Decided March 12, 1915.)

### Appeal from Meade Circuit Court.

1. Trusts—Resulting Trusts—Section 2353 Kentucky Statutes.—Under Section 2353 of the Kentucky Statutes providing that when a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, a trust results in but two cases: (1) where the grantee takes a deed without the consent of the person paying the consideration; (2) where the grantee, in violation of some trust, purchases the deeded lands with the effects of another person.

2.  Trusts—Consent—Evidence.—In an action by a wife to establish
    a trust in land deeded to her husband on the ground that she
    furnished a portion of the purchase money, evidence examined
    and held insufficient to show that the deed was taken to the
    husband alone without her consent.

3.  Witnesses—Husband and Wife—Section 606 of Civil Code.—In an
    action by a wife to establish a trust in property deeded to her
    husband on the ground that the land was so conveyed in violation
    of an agreement, by which the land was to be conveyed to them
    jointly, the wife is not a competent witness to establish such an
    agreement.

LEWIS & ASHCRAFT for appellant.

J. D. HARDIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

David Foushee died intestate in the year 1912, leaving a widow, Cora Pusey Foushee, and his father and mother, William F. Foushee and Mary E. Foushee, as his only heirs. At the time of his death he had title to a farm of about 100 acres of land situated in the county of Meade, and which he had purchased from his father and mother for the sum of $2,900.

This action was brought by William F. and Mary E. Foushee against Cora P. Foushee to have dower allotted to the latter and the land partitioned between them. Cora P. Foushee filed an answer and counterclaim in which she alleged that of the entire purchase money of $2,900 she herself paid the sum of $1,167.25, with the express understanding that the plaintiffs, William F. and Mary E. Foushee, who were the owners of the land, and from whom the purchase was made, would execute a deed jointly to her and her husband, David Foushee; that in violation of this agreement, the plaintiffs, without her knowledge and consent, conveyed the land to her husband, David Foushee. By reason of these facts, she asserted an equitable lien on the land which she averred was superior to any claim plaintiffs had therein. At the same time she filed a claim against the estate of David Foushee which was verified by her and R. L. Starks. On final hearing the chancellor refused defendant the lien asked for, and directed that dower be allotted to her, and the remainder of the land be allotted to plaintiffs. From that judgment defendant appeals.

Defendant's evidence tends to establish the following facts: She and her husband moved to Louisville in the year 1906. For several years she worked in a shirt factory operated by J. M. Robinson-Norton & Company. During that time she was paid the sum of $1,928.95. During the month of June, 1911, the German Bank of Louisville issued a certificate of deposit in the joint names of David Foushee and Cora P. Foushee. The amount of this certificate was $1,150. It was cashed on December 23, 1911, and at that time the principal and interest amounted to $1,167.25. The bank's teller testifies that the bank would have paid the certificate to either of the joint owners without the endorsement of the other. As a matter of fact the certificate was endorsed by both David and Cora. The account was a joint account, and was deposited with the understanding that should either of them die the other should have the money, or should either call for the money he should have it. Cora testifies that William F. Foushee and his wife proposed to sell her and her husband the farm in controversy. William at first asked $3,000 for the farm. She replied that $3,000 was too much; that she was willing to give $2,900. William then said, "That suits me; the place is yours." The understanding was that the deed was to be made to her and David jointly, but there was to be a provision in the deed that if he died first she was to have everything so long as she remained his widow. If she died first David was to have everything. The $1,167.25 was her money, and she paid that sum to William F. Foushee at his home on the morning of December 24th. R. L. Stark says that after the sale William F. Foushee asked him to make a calculation for him. William told him of the amount received at Louisville, and the further fact that Cora paid him "eleven hundred and sixty and some odd dollars."

Plaintiff, William F. Foushee, testified, in substance, as follows: He and his wife owned the land in controversy. The trade was not made by Cora Foushee, nor did she pay him any part of the purchase price. The first payment was made before Christmas. He received a certificate of deposit for $1,522.50. Prior to that time he had received $350. He owed David $41.20, and the latter paid him in money the balance, amounting to $986.30. The balance was paid on December 24, 1911.

He never made any agreement by which he was to convey the land to David and Cora jointly. Never stated to anyone that Cora had paid him eleven hundred and sixty odd dollars. The deed conveying the land is dated December 27, 1911. The deed was recorded on December 28, 1911, and the recording fee paid by plaintiff. Cora Foushee saw the deed on December 28th. E. L. Fontaine, cashier of the Farmers Deposit Bank at Brandenburg, testified that time certificate No. 445 was, issued to David Foushee for $1,500. This certificate, endorsed by David Foushee, was presented to the bank by W. F. Foushee. W. F. Foushee pledged it as collateral on a loan for $1,500.

The general rule prevailing in most jurisdictions that where property is purchased by one person, and the consideration paid by another, a trust is presumed to result in favor of the person by or for whom the payment is made, has been abrogated by statute, and does not obtain in this State. The statute (Sec. 2353, Kentucky Statutes) is as follows:

"When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person."

Under the statute a trust results in but two cases: (1) Where the grantee takes a deed without the consent of the person paying the consideration; (2) where the grantee, in violation of some trust, purchases the deeded lands with the effects of another person. In addition to these cases mentioned by the statute, it is also well settled that where one intrusts funds to another to be invested for her benefit, and the latter, without the consent of the former, and in fraud of the former's rights, purchases property and has the title thereto put in the name of a third person, a constructive trust will result in favor of the person who has thus been defrauded. Graham v. King, 96 Ky., 339. The facts of this case do not bring it within the latter rule. The case turns on whether or not defendant's proof brings her within either of the exceptions mentioned in the statute.

Though it may be doubted if the defendant showed title to the money which she claims to have paid to William F. Foushee, yet, for the purposes of this case, we will concede that she did. This, however, was not sufficient to establish a trust in her favor. It was incumbent on her to show either that the deed was taken to her husband alone without her consent, or that he, in violation of some trust, purchased the land with her money. On being asked when she first knew the way the deed was made, defendant answered, "About the 28th of December, 1911." This is all that she has to say on the subject. The deed itself was executed and lodged for record on December 27th, 1911. The clerk's certificate of December 28th shows that it had then been recorded. "About the 28th of December" is indefinite and would include the 27th day of December. That being true, she knew the day the deed was executed that her husband was the sole grantee in the deed; nowhere did defendant say that she did not consent to the deed as it was drawn. Though she knew "about the 28th of December, 1911," that the deed was made to her husband alone, it does not appear that she made any protest or objection to the deed as it was drawn, either at that time or during the several months that preceded her husband's death. Defendant's own testimony, considered in the light of the circumstances following the execution of the deed, is, we think, insufficient to show that the deed was made to her husband without her consent.

It remains to consider whether the husband took the deed to himself in violation of some trust. It may be conceded that if he had entered into an agreement with defendant, whereby his and her money was to be invested in the property purchased, and the deed thereto taken in their joint names, and he, in violation of this agreement, took the deed to himself, the trust would result in defendant's favor to the extent of the money contributed by her. The only witness for defendant on this question is the defendant herself. Her statement is as follows:

"The deed was to be made to David and I equally and jointly, and there was to be a provision in there if he was to die first I was to have everything as long as I remained his widow. If I was to die first he was to have everything."

It will be observed that defendant does not say when this agreement was made or with whom it was made. If made with the plaintiff, it would not be a violation of the trust on the part of her husband. Whether defendant would have been a competent witness if the agreement with her husband had been made in the presence of William F. Foushee, who was present for himself and as agent for his wife, it is unnecessary to determine. It may be doubted if her evidence shows any agreement with her husband. Even if it does, it does not show when the agreement was made. Under these circumstances, it is apparent that defendant was not a competent witness. Civil Code, Section 606, Sub-sections 1 and 2. There being no competent evidence showing that the husband took the deed to himself alone in violation of any agreement between himself and defendant, it follows that defendant's case does not come within the second exception contained in the statute. It is apparent, therefore, that to uphold defendant's claim under the circumstances developed by the record would completely nullify the statute abolishing resulting trusts. The case is simply one where the parties were young and the death of the husband was not anticipated and he failed to take steps to provide for his wife in case of his death.

It appears appellees have had incorporated in the transcript the record of the proceedings below after defendant's counter-claim was dismissed. Appellees have not taken a cross-appeal. That part of the record referred to has no bearing whatever on the questions involved on the appeal. We, therefore, conclude that Cora Foushee's motion to have that part of the record stricken from the transcript at appellee's cost should prevail, and it is so ordered.

Judgment affirmed.