## Crouch v. Mason.

(Decided May 25, 1923.)

### Appeal from Franklin Circuit Court.

1. Trusts—Payment of Consideration for Conveyance to Husband Insufficient to Show Resulting Trust.—An amended petition by one of the grantors of a deed conveying property to her sister's husband, which did not allege any ground for avoiding the deed, but merely alleged that a part of the consideration was paid by the sister, without alleging that the deed was taken in the husband's name against the consent of the sister, or in violation of any trust, is insufficient to show a resulting trust in favor of the sister, under Ky. Stats., section 2353, which denies a resulting trust from the mere fact of payment of the consideration.

2. Evidence—Self-Serving Declarations of Deceased Person are Incompetent.—Statements made by a deceased person which were in her favor, are inadmissible to establish a resulting trust in her favor in property conveyed to her husband.

3. Descent and Distribution—Evidence Insufficient to Show Plaintiff an Heir of Her Deceased Sister.—Proof which failed to show that the other children of plaintiff's father were dead, or that his wife, plaintiff's mother, was dead, is insufficient to establish plaintiff's right as an heir of her deceased sister, since, if the sister's mother was still living, she and not plaintiff, inherited the interest of the sister, under Ky. Stats., section 1393, subsec. 2.

4. Ejectment—Pleadings Held to Put Burden on Plaintiff to Prove Title to Any Portion of Premises.—Where plaintiff's petition sought to recover possession of a lot and defendant denied plaintiff's ownership, and averred title in defendant, plaintiff's title to any portion of the lot was put in issue, and the burden was on her to prove either grounds for avoiding her deed to defendant, or her right to inherit from her sister the sister's interest as a resulting trust under the deed to defendant.

5. Marriage—Recitals of Grantors Held Not to Warrant Inference Plaintiff was a Married Woman.—The fact that plaintiff's name as grantor appeared in a deed executed by her with the last name misspelled, and that there was also inserted therein as a grantor the name of another person having the same last name, without

proof that such person was the husband of plaintiff, or, if so, that he was alive at the time the deed was executed by her, is insufficient to warrant an inference that she was a married woman at the time she executed the deed.

DULIN MOSS for appellant.

THOS. B. McGREGOR for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant and plaintiff below, Maria Crouch, commenced this action in the Franklin circuit court by filing her petition against appellee and defendant below, Mary Ellis Mason, seeking to recover from defendant the possession of a lot on the south side of Second street in South Frankfort, situated between Murray and Fowler streets. The petition averred that plaintiff was the owner and entitled to the possession of the lot and that defendant wrongfully withheld it from her. The answer denied plaintiff's ownership and averred title in defendant. An amended answer alleged that Henry Mason, a son of defendant, purchased the lot on April 1, 1908, from the widow and three children and heirs of Spencer Booker, deceased, one of whom was plaintiff. The deceased wife of the grantee in that deed was also a daughter of the grantor herein, but she did not execute the deed, which was made direct to her husband, Henry Mason; that Mason took possession of the lot and erected a building thereon and occupied it until his death in 1914; that there were no children born to Henry Mason and wife, the latter of whom died in 1916; that Mason left surviving him as his only heir his mother, the defendant, Mary Ellis Mason, and that she inherited the lot from her deceased son.

The reply denied the averments of the answer as amended and the cause was transferred to equity. Proof was taken followed by an amended petition purporting to conform the pleadings to the proof. In that amendment these allegations were made: "Plaintiff says that the uncontradicted evidence taken in this case is that one-half of said lot was given to Emily Mason, sister of plaintiff, by her mother, Maria Booker, and her sisters, Ophelia Booker, Mary Alice Booker and plaintiff; that Emily Mason died childless and that plaintiff is her only heir; that Henry Mason paid to Maria Booker the sum of one hundred ($100.00) dollars for his half of the said lot, and that Maria Booker returned the said one hundred ($100.-

00) dollars to Henry Mason and to Emily Mason and that the said one hundred ($100.00) dollars which Maria Booker gave back to Henry Mason and Emily Mason was used by Henry Mason and Emily Mason to purchase materials to go into said house or to pay off the indebtedness on said house, that Emily Mason saved every penny she made working out as a domestic, which was practically the entire time she was married, and used said money which she had saved to pay off the indebtedness on said house or to purchase materials to go into the said house; that the house and lot belonged to Emily Mason when she died or that she owned at least one-half of it and one hundred ($100.00) dollars in it in addition thereto.''

There was no allegation that plaintiff at the time she executed the deed to Henry Mason as one of the heirs of Spencer Booker was a married woman or laboring under any other disability, nor was there alleged any ground for avoiding that deed, although the inserted portion of the amendment attempted, but defectively, to rely on a resulting trust, which as we construe the pleading was in favor of both Emily Booker and the estate of her father; but it will be observed that no fact was alleged from which any such trust would result. No mistake in the execution of the deed whereby Henry Mason was made the sole grantee was attempted to be pleaded, nor was there any allegation in avoidance of the effect of section 2353 of the statutes which denies a resulting trust in favor of the payor from the mere fact of payment of the consideration. There was no averment that the deed was taken to Henry Mason against the consent of his wife, who is alleged to have paid part of the consideration, nor was there any allegation that he violated any trust in doing so, one or both of which, under the terms of the statutes, is necessary in order to create such a trust. If, however, the pleading was sufficient for the purpose then the proof is wholly insufficient, since it consists in statements made by the deceased, Emily Booker, which were in her favor and inadmissible under established elementary principles.

In the absence of an avoidance by plaintiff of the deed which she executed with others to Henry Mason by proper pleading supported by competent evidence, she is bound by that deed, at least to the extent of her interest at that time. Her counsel in his brief does not claim any subsequently acquired interest, except he says that she inherited from her deceased sister, Emily Mason (*nee* Booker), the latter's interest in the lot, but there is no

pleading that the other heirs of Spencer Booker are dead, or if so that they died childless, although there was a witness who testified that they were dead. Neither is there any averment or proof that the widow of Spencer Booker, who was the mother of plaintiff, was dead, and if she was not then she inherited the interest of her daughter, Emily Booker, in and to the lot, if any, under subsection 2 of section 1393 of our present statutes.

The pleadings put in issue plaintiff's title to *any portion* of the lot and the burden was on her, not only to allege and prove sufficient grounds to avoid her deed, which she did not do, as we have seen, and if she sought to recover any portion of the lot the burden was on her to prove her title thereto, whether by inheritance or otherwise, and, as we have seen, she failed to do that, even if her pleadings and proof had been sufficient to establish a resulting trust in the person from whom she claims to have inherited, but which, as we have seen, was not true.

The court dismissed the petition but adjudged plaintiff a one-fifth interest in $200.00, or $40.00, and gave her a lien upon the lot for that amount. It is not pointed out in brief for either side the grounds upon which the court gave her that relief; but there is no cross appeal and we are not called upon to review that ruling of the court.

It might be claimed that because of the fact that plaintiff's name as a grantor appears in the deed as "Maria Krout" and that there is also inserted therein as a grantor the name of "Millard Krout," the latter of whom did not sign the deed, it should be inferred that Millard Krout was the husband of plaintiff, but we know of no rule authorizing any such inference or presumption. It does appear that the surname "Krout" was intended for "Crouch," but if so corrected there is neither allegation nor proof that Millard Crouch was the husband of plaintiff, or if so, that he was alive at the time the deed was executed and acknowledged by her, and the only circumstance in the entire record even remotely indicating that plaintiff was a married woman at the time she executed the deed is the one just referred to. It may be that the court concluded that she was a married woman at that time and for that reason gave the judgment *supra* in her favor.

Under the condition of the pleading and proof the plaintiff obtained more relief than she was entitled to, which necessarily results in an affirmance of the judgment, and it is so ordered.