## Masters, et al. v. Masters.

(Decided December 16, 1927.)

Appeal from Fayette Circuit Court.

1. Trusts.—Under Ky. Stats., sec. 2353, person seeking to have trust established in property on ground that consideration was paid by one other than grantee has burden of showing that the alleged cestui que trust did not consent to the transaction or that some trust has been violated.
2. Trusts.—In order to establish a trust in favor of person paying consideration for land under Ky. Stats., sec. 2353, evidence that alleged cestui que trust did not consent to transaction or that some trust was violated must be clear and convincing.

3. Trusts.—The mere fact that purchase price for property conveyed to husband and wife was paid by wife is not sufficient, under Ky. Stats., sec. 2353, to overturn the terms of the deed and create trust in her favor, since such payment is entirely consistent with taking of title jointly with survivorship clause.

4. Trusts.—In action to have property conveyed to husband and wife declared to be property of heirs of wife on ground that she paid consideration, evidence held sufficient to sustain finding that no trust resulted in favor of wife under Ky. Stats., sec. 2353.

C. F. KELLY for appellants.

W. E. DARRAGH and FRANKLIN, TALBOTT & CHAPMAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Sallie B. Masters died intestate on July 27, 1923, a resident of Lexington, Ky. She was survived by her husband, the appellee, Jas. W. Masters, and two children, the appellant Graham Welch Masters, and a daughter who died before this suit was instituted. The daughter was survived by her husband and three infant children.

Prior to May 13, 1922, Sallie B. Masters was the owner of a house and lot located in Lexington, Ky. Her husband, the appellee, was a real estate agent, and on May 13, 1922, sold his wife's property to Mrs. W. C. Tucker for the sum of $6,750. A contract was prepared, which was signed by Sallie B. Masters, in which it was agreed that a deed should be executed on or before June 15, 1922. At the time the contract was made there was a lien debt upon the property for $3,250 with accumulated interest. The purchaser agreed to assume this debt. An initial payment of $675 was paid to the decedent, Sallie B. Masters, by Mrs. Tucker on May 13, 1922, and a deed was executed and delivered by Sallie B. Masters and her husband, the appellee, on June 7, 1922, when an additional payment of $1,300 was made and notes for the remainder of the purchase price were executed. The payment made on June 7, 1922, and the proceeds of the notes as they fell due were received by the appellee and deposited by him in his account at the Guaranty Bank & Trust Company of Lexington.

On May 31, 1922, appellee purchased a lot on Forest Park Road in Lexington, Ky., from Chas. P. Dodd and others. On June 10, 1922, Chas. P. Dodd and others executed a deed conveying this lot to Jas. W. Masters and

Sallie B. Masters, in the granting clause of which this language is used:

> "Unto the parties of the second part or their heirs and assigns forever with the fee-simple title to the property hereinafter conveyed to the surviving grantees."

In the habendum clause substantially the same language is used.

After this deed was executed appellee contracted with the Lexington Lumber & Building Supply Company to erect a house upon the lot at a cost of $4,475. This house was constructed by the company, and the appellee from time to time made payments to the company out of the proceeds of the property sold by his wife to Mrs. Tucker and which had been deposited in bank to his account. When the house was completed there was still due the contractor about $3,200. In order to meet this debt the appellee, Jas. W. Masters, and his wife Sallie B. Masters, borrowed from the Equitable Life Assurance Society the sum of $2,500, and on September 5, 1922, executed a mortgage on the property to the Assurance Society to secure the payment of the debt. On September 29, 1922, they executed a mortgage on the same property to the Lexington Lumber & Building Supply Company to secure the balance due it amounting to $725. In each of these mortgages, in referring to the source of title, the following language is used:

> "And being the same property conveyed to J. W. Masters (who is the same person as Jas. W. Masters) and Sallie B. Masters by C. P. Dodd and others by deed dated June 10, 1922, and recorded in the office of the clerk of the Fayette county court in Deed Book 211, page 568."

The appellant Graham Welch Masters instituted this action against the appellee, Jas. W. Masters, and the children of his deceased sister, who are now appellants, seeking to have the property conveyed by Chas. P. Dodd and others to Jas. W. Masters and Sallie B. Masters declared to be the property of the heirs of Sallie B. Masters on the ground that she paid the consideration and the deed was made to Jas. W. Masters and Sallie B. Masters without her knowledge or consent.

It is appellant's contention that since Sallie B. Masters paid the consideration and the name of Jas. W.

Masters was inserted in the deed without her knowledge or consent, a trust resulted in her favor and that the appellee now holds the property as trustee.

Before the enactment of section 2353, Kentucky Statutes, all that was necessary in order to convert the grantee into a trustee for another was to establish the fact that the latter furnished the consideration. Foushee v. Foushee, 163 Ky. 524, 173 S. W. 1115. Section 2353 provides:

> "When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person."

This section of the Statutes changed the rule theretofore existing so as to prevent a resulting trust in favor of the one furnishing the consideration except where the grantee takes the deed "in his own name without the consent of the person paying the consideration," or "where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person."

A person seeking to have a trust established must now bring himself within one of the two exceptions in the statute, and the burden is upon him to show that the alleged cestui que trust did not consent to the transaction or that some trust has been violated. In order to establish a trust under these exceptions the evidence must be clear and convincing. Neel's Executor v. Noland's Heirs, 166 Ky. 455, 179 S. W. 430; Fitzpatrick et al. v. Roark, 179 Ky. 504, 200 S. W. 920; Deaver-Kennedy Co. v. Cooper, 189 Ky. 366, 224 S. W. 1053. In the Neel case it was held that to raise a trust between members of the same family, as between husband and wife, or father and son, the evidence must be positive and free from all ambiguity.

The mere fact that the purchase price was paid by the wife is not sufficient evidence to overturn the terms of the deed. The payment of the purchase price by her is entirely consistent with the taking of title jointly with a survivorship clause, which is a customary arrangement

between husband and wife. There is no evidence tending to show that the wife was to be named as the sole grantee in the deed nor that she did not know her husband had been named as one of the grantees. Three months after the deed had been executed she and her husband executed two mortgages in which her husband, J. W. Masters, was referred to as one of the owners of the property, and the evidence discloses that at the time these mortgages were executed, she and her husband were in the office of an attorney in Lexington, Ky., and that on each occasion she read the mortgage and discussed it with her husband and the attorney and nothing was said by her to indicate that she did not fully understand how the deed was made or that she was dissatisfied with it. All of the evidence having any bearing on the question tends to show that the wife had knowledge of the fact that her husband was a joint grantee in the deed and that she consented to this provision. Under the rule consistently followed by this court in construing section 2353 of the Statutes, the lower court properly found that no trust resulted in favor of Sallie B. Masters.

Counsel for appellant in his brief devotes considerable attention to the fact that the appellant Graham Welch Masters furnished part of the money that paid for the property in question. It appears that when the mortgage to the Equitable Life Assurance Society was executed a policy of insurance was issued on his life and that the premiums on the policy amounted to $32.35 monthly, most of which was applied to the payment of the mortgage debt. Graham Welch Masters made 19 of these payments, or a total of $614.65. During most of the time, however, he was married and occupying the property without the payment of rent. It is shown that the policy was taken out in the name of the son because the premium would be less, and there is nothing to show that the payments made by the son were made by him other than as a member of the family contributed in this way to the support of the entire family including himself.

The evidence is insufficient to show that the name of the appellee was inserted in the deed without his wife's consent or that it was done in violation of any agreement between them.

There being no competent evidence to bring the case within either of the exceptions contained in the statute, the judgment is affirmed.