## Shields v. Parsons et ux.

(Decided June 18, 1929.)

144

J. A. EDGE for appellant.

HOBBS & HANSEN for appellees.

Opinion of the Court by Judge Willis—Reversing.

This litigation, between a father and daughter, involves their respective rights to a lot in the city of Lexington. The suit was instituted by Elizabeth Shields against her father, B. E. Parsons, and his present wife, primarily to recover the lot on the ground that it had been devised to her by her deceased mother, but if that relief could not be granted, that her father's homestead or dower be set apart to him and the title to the lot adjudged to her, subject to her father's rights. The answer traversed the allegations of the petition respecting the will of the mother, and asserted that the defendant was the owner of the lot. The circuit court set aside the deed, and adjudged that B. F. Parsons was the owner of the lot, notwithstanding the deed to Betty Parsons, because B. F. Parsons had bought and paid for the property. The judgment provided that the deed be set aside and held for naught and that the plaintiff's petition be dismissd. Mrs. Shields appeals.

Betty Parsons was the first wife of B. F. Parsons, and Elizabeth Shields is their only child. The will referred to in the petition was set aside and plays no part in this proceeding. The lot in controversy was conveyed to Betty Parsons by deed dated January 21, 1907, and promptly recorded. The recited consideration for it was $300. A house was then erected on the lot at a cost of $600. B. F. Parsons and Betty Parsons lived in the house together until she died in 1919. After her death the surviving husband and his infant daughter, Elizabeth, lived there. In June, 1923, the daughter married, and in July following the father married his present wife. Litigation immediately ensued between the parties respect-

ing the household furniture, the alleged will of the deceased wife, and other matters. The present record is made up of much irrelevant and immaterial matter. Reducing the case to its essentials, the daughter claims the title to the lot as the sole heir of her mother, subject to her father's homestead. The petition does not set forth any right to a sale or division of the property. Van Meter v. Van Meter, 160 Ky. 163, 169 S. W. 592. Section 490 of the Civil Code, as amended by the Act of March, 1916 (chapter 119, p. 707, Acts 1916), permits an estate which has passed by devise or descent to a widow and heir or heirs of the decedent to be sold when the other conditions of section 490 are satisfied. Piermann v. Piermann, 187 Ky. 392, 219 S. W. 156. But that section does not provide for a sale in any event when a wife dies leaving a husband in possession of the homestead, and the title to the remainder in a single heir. Malone v. Conn, 95 Ky. 93, 23 S. W. 677, 15 Ky. Law Rep. 421; Berry v. Lewis, 118 Ky. 652, 82 S. W. 252, 84 S. W. 526, 26 Ky. Law Rep. 530, 27 Ky. Law Rep. 109; Hatterich v. Bruce, 151 Ky. 14, 151 S. W. 31. We need not dwell upon this subject, however, since the appellant, in her petition, did not seek a sale.

There is no competent testimony as to the value of the property. Mrs. Shields testified over the objection of appellee that she thought the property was worth as much as $4,000, but she showed no knowledge of the value, and clearly it was no proof of its value at the time of her mother's death. The surviving husband is entitled to a homestead in the property. Sections 1702 and 1708 Ky. Stats. The right of the husband to the homestead continues so long as he occupies it, and exists against the heirs of the wife as well as creditors. Ellis v. Davis, 90 Ky. 183, 14 S. W. 74, 11 Ky. Law Rep. 893. The only competent proof referring to the value of the homestead is that it originally cost $300 and was improved by the erection of a house costing $600. The improvements made by the appellee after the death of the first wife were made for his use and are not to be considered in a valuation of the homestead. Cf. Gowdy v. Johnson, 104 Ky. 648, 47 S. W. 624, 20 Ky. Law Rep. 997, 44 L. R. A. 400.

B. F. Parsons sought to set aside the deed to his first wife, but his pleading was insufficient for that purpose. It set forth no grounds for reformation or cancellation of the deed. It denied that Betty Parsons purchased the property or became the owner of it, but that

146

allegation is disproved by the deed to her. The allegation in his answer that through inadvertence or oversight the deed to the property was made to Betty Parsons, but that he had purchased and paid for it, erected the improvements, and did not learn until after the death of Betty Parsons that the deed was made to her, were inadequate to entitle him to any relief. Pare v. Renfro, 178 Ky. 143, 198 S. W. 553. If it be admitted that the purchase money for the property was furnished by him, there is nothing to show that the wife took title to herself without the husband's consent. Section 2353, Ky. Stats.; Martin v. Franklin, 159 Ky. 816, 169 S. W. 599; Foushee v. Foushee, 163 Ky. 524, 173 S. W. 1115.

The title to the lot was in Betty Parsons and, upon her death, descended to her daughter, Elizabeth Shields, subject to the right of homestead in B. F. Parsons, the surviving husband. The circuit court should have adjudged the ownership of the lot to the appellant, Elizabeth Shields, but subject to the right of B. F. Parsons to occupy the same as a homestead so long as he lived. The appellant has no present right to the possession of the property, but her remainder interest therein should be preserved for her use upon the cessation of the homestead rights of her father. Alley v. Alley, 91 S. W. 291, 28 Ky. Law Rep. 1073; Treadway v. Pharis, 90 Ky. 663, 14 S. W. 909, 12 Ky. Law Rep. 639; Elam v. Alexander, 174 Ky. 39, 191 S. W. 666.

The judgment is reversed, with directions to enter a judgment in accordance with this opinion.