## Richardson v. Webb.

Jan. 9, 1940.

202

Shumate & Shumate for appellant.

Robert R. Friend for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

Normandie D. Webb, a widow, and Edward Richardson were married in 1903. At the time of her marriage to Richardson, Normandie Webb had one child, Dewey Webb, who was two years of age. Shortly after their marriage, Edward Richardson purchased from his father a tract of land containing about eight cares, and it was conveyed to him and his wife, Normandie, jointly. On January 8, 1912, John H. Richardson and wife conveyed to Edward Richardson and Normandie Richardson 30 acres of land in Estill county. The recited consideration was $775; $425 was paid in cash and a lien was retained in the deed to secure the payment of the unpaid purchase price. The cash payment was made with money which Normandie Richardson had received from her father. Normandie Richardson died in 1936, leaving a will devising and bequeathing all of her property to her son, Dewey Webb. Edward Richardson renounced the provisions of his wife's will, and later brought an action against Dewey Webb in the Estill county court for a division of the land jointly owned. Dewey Webb failed to appear, and, on motion of the plaintiff in the action, commissioners were appointed to divide the jointly owned lands, and they were directed to lay off to each of the parties one-half of the land. The

report of the commissioners, alloting 19 acres of land described by metes and bounds to each of the parties, was confirmed, and a special commissioner was appointed to execute deeds. This order was entered in the Estill county court on March 9, 1936. On January 2, 1937, Dewey Webb brought an equitable action in the Estill circuit court against Edward Richardson in which he sought to be adjudged the owner of a one-half interest in 67 acres of land. He alleged in his petition that 67 acres of land were purchased with money furnished by his mother and entrusted to the defendant with the understanding that the land was to be deeded jointly to his mother and the defendant, but through fraud on the part of the defendant only 40 acres of the land were deeded to both parties and the remaining 27 acres were deeded to the defendant. In an amended petition the plaintiff, in effect, withdrew the averments of the petition and alleged that on January 8, 1912, John H. Richardson and wife executed a deed to the defendant, Edward R. Richardson, and his wife, Normandie Richardson, for a certain described tract of land; that the consideration therefor was $775, of which sum $425 was paid in cash by his mother, Normandie Richardson; that thereafter she paid the sum of $90, and that the remaining unpaid purchase money was paid either by Normandie Richardson or from the products of the land; that the defendant, Edward Richardson, paid no part of the consideration, and that the conveyance of a one-half interest in the land to him was made without the consent of Normandie Richardson, in violation of a trust, and that Normandie Richardson, at the time of her death, was the owner of the entire tract by reason of the resulting trust. It was further alleged that on May 11, 1914, a small part of said land was exchanged with David Richardson for a small parcel of his land, but that David Richardson conveyed the small parcel to Edward Richardson instead of to Normandie Richardson. The plaintiff asked to be adjudged to be the owner of the John H. Richardson tract of 30 acres less the tract conveyed to David Richardson plus the tract conveyed by David Richardson to Edward Richardson. It was also alleged in the amended petition that certain proceedings had been had in the Estill county court wherein commissioners had been appointed to divide the land between plaintiff and defendant; that a special commissioner had been appointed and directed to execute deeds in accordance with the commissioners' report; and that a

deed purporting to convey to the plaintiff a portion of said land had been recorded in the office of the clerk of the Estill county court. Plaintiff alleged that he was never summoned in the action in the Estill county court, and knew nothing of the pendency thereof until after the special commissioners had been appointed and had executed a deed; that the proceedings were void and of no effect; and he asked that the deed of the special commissioner purporting to convey the land to the plaintiff and the defendant be canceled. Considerable proof was heard, and, upon submission of the case, the chancellor adjudged that the deed to Edward Richardson and Dewey Webb from the special commissioner appointed by the county court in the proceedings therein to divide the jointly owned land be canceled and held for naught. He further adjudged that Dewey Webb, subject to the curtesy right of Edward Richardson therein, was the owner of a 515/775 interest in the 30-acre tract of land conveyed to Edward Richardson and Normandie Richardson by John H. Richardson and wife on January 8, 1912, excluding therefrom the small tract conveyed by Edward Richardson and Normandie Richardson to David Richardson, and that he owned the same interest, subject to the curtesy right of Edward Richardson, in the small tract conveyed to Edward Richardson by David Richardson. To so much of the judgment as adjudged the plaintiff, Dewey Webb, to be the owner of more than a one-half interest in the two tracts of land, the defendant, Edward Richardson, excepted, and he has appealed. The plaintiff prayed and has been granted a cross-appeal.

A careful consideration of the record convinces us that the judgment is correct in all respects except that the chancellor erred in adjudging the plaintiff, Dewey Webb, to be the owner of more than a one-half undivided interest in the two tracts of land described in the judgment. He correctly adjudged the proceedings in the county court void and of no effect, since it was shown that Dewey Webb, the defendant in the action in the county court, was never properly summoned. A summons prepared on a circuit court form and directing him to appear in the Estill circuit court to answer a petition in equity filed therein was served on him. He delivered the summons to his attorney who informed him that he need take no steps until the first Monday in October, that being the first day of the next term of the Estill circuit court. He went to Detroit, Michigan,

where he remained about five weeks, but returned to Kentucky before October 1st and appeared in the Estill circuit court on that day. He was then informed by the circuit clerk that no action against him was pending in the Estill circuit court. In the meantime, judgment had been entered in the proceeding in the county court. Under the circumstances, he was not before the court in that proceeding, and the judgment was void.

Much incompetent proof was offered by the appellee, but objections to it were sustained by the court. There was no proof authorizing a finding that title to the land was taken in the name of Edward Richardson under circumstances creating a resulting trust in favor of appellee's mother. Shortly after his marriage appellant purchased eight acres of land and had the conveyance made to himself and wife jointly. She paid no part of the consideration. Later he purchased for $775 the 30-acre tract, and it is conceded that Normandie Richardson paid $425 of the purchase price. The preponderance of the evidence shows that the remaining $325 was paid out of the proceeds of the sale of produce from other land owned by appellant. The deed to the 30-acre tract was executed in 1912 and was kept in appellant's home until his wife's death in 1936. She had access to it during all of that time. Furthermore, in 1914, about one or 1¼ acres of this tract was conveyed to David Richardson by appellant and his wife in exchange for a small parcel of land. That was notice to her that the 30-acre tract had been conveyed to her and her husband jointly. The rule, that when a deed is made conveying land to one and the consideration is paid by another a trust results in favor of the latter, has been changed by Section 2353 of our Statutes which reads:

"When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person."

In order to establish a resulting trust under the two exceptions contained in the statute, the proof that the

title was taken in the name of the nominal purchaser without the consent of the real purchaser, or that the grantee, in violation of some trust, bought the land with the money or property of another, must be clear and convincing. Union Bank & Trust Company v. Rice, 279 Ky. 629, 131 S. W. (2d) 493; McFarland v. McFarland, 263 Ky. 434, 92 S. W. (2d) 785; Preston v. Preston's Adm'x, 245 Ky. 552, 53 S. W. (2d) 957; Thrasher v. Craft, 242 Ky. 101, 45 S. W. (2d) 827; Neel's Ex'r v. Noland's Heirs, 166 Ky. 455, 179 S. W. 430; May v. May, 161 Ky. 114, 170 S. W. 537. With the incompetent proof eliminated, there is no evidence tending to show that title to the 30-acre tract of land was taken in the name of Edward Richardson and Normandie Richardson without her consent or that Edward Richardson, in violation of any trust, purchased the land with the effects of his wife. In Masters v. Masters, 222 Ky. 427, 300 S. W. 894, the facts were very similar to those in the present case, and we there held that under the rule consistently followed by this court in construing Section 2353 of the Statutes no trust resulted in favor of the wife.

The judgment is affirmed on the cross-appeal and reversed on the original appeal, with directions to enter a judgment adjudging appellee, Dewey Webb, to be the owner of an undivided one-half interest in the land in question, subject to the curtesy right therein of appellant.