# Hall et al. v. Walton et al.

Nov. 4, 1942.

James C. Lyne and J. M. Scarbrough for appellants.

E. J. Felts and W. O. Bilyeu for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The action was instituted by appellant, Pauline Stokes Hall, to have quieted her title to a lot in Auburn, Logan county, Kentucky. Her husband joined in the suit. The petition alleged that Mrs. Hall had legal title to and was in possession of the property and that defendants were claiming to jointly own an undivided one-half interest therein. Plaintiff claimed to be the owner of the property by reason of the provisions of the will of S. R. Stokes, deceased. Defendants by answer and counterclaim alleged the property was purchased by S. R. Stokes and his wife, Ida Stokes, who, intestate, predeceased her husband; that Mrs. Stokes paid one-half of the purchase price of the property; but the deed was made to the husband with the understanding that he would hold her undivided one-half interest in trust for her. They claimed the property as heirs of Mrs. Stokes. The answer further alleged the deed was made to Mr. Stokes with his wife's consent.

Section 381.170, Kentucky Revised Statutes (Section 2353, Carroll's Kentucky Statutes) recites:

"When a deed is made to one person, and the consideration is paid by another no use or trust results in favor of the latter unless the grantee takes a deed in his own name without the consent of the person

paying the consideration, or unless the grantee in violation of a trust purchases the lands deeded with the effects of another person. Such deeds are fraudulent as against the existing debts and liabilities of the person paying the consideration.''

The words of the above section of the statute are clear and unequivocal, and this court has construed them in a great number of cases to the effect that no trust will result in favor of one purchasing real estate, or a part thereof, when the deed is made to another, unless the grantee takes the title without the consent of the person paying the consideration, or unless the grantee purchases the property with the funds of the other in violation of a trust. Foushee v. Foushee, 163 Ky. 524, 173 S. W. 1115; Fitzpatrick v. Roark, 179 Ky. 504, 200 S. W. 920; Crouch v. Mason, 199 Ky. 371, 251 S. W. 182; Richardson v. Webb, 281 Ky. 201, 135 S. W. (2d) 861.

Since the answer and counterclaim alleged that Mrs. Stokes consented that the deed be made to her husband, and since it is clearly shown by the pleadings that no trust was violated, it is manifest that neither exception recited above is applicable to the facts of the case. It follows that no trust resulted in favor of Mrs. Stokes, and the defendants claiming the property as her heirs are not entitled to the relief prayed in their answer and counterclaim. The demurrer to the answer as amended should have been sustained and judgment entered in conformity with the prayer of the petition.

Wherefore, the judgment is reversed.