## Gayheart et al. v. Cox et al.

October 14, 1947.

Edward P. Hill, Judge.

Napier & Napier for appellants.

Clark Pratt for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

W. M. Cox and Susannah Cox were married in 1892. Shortly before 1900 Mrs. Cox's father gave her a small tract of land on Troublesome Creek in Knott County. In 1903 this tract was sold for a sum slightly in excess of $100. In the same year Mr. Cox purchased an interest in a tract of land on Troublesome Creek for $200. Approximately half of this amount was paid from money belonging to Mrs. Cox. The deed was taken in the name of Mr. Cox only. An adjoining tract of land was purchased by Mr. Cox in 1905. Subsequently, Mr. and Mrs. Cox sold the mineral rights in the land. In 1919 the farm was sold and Mr. Cox purchased what is known as the Montgomery Creek farm in Knott County for the sum of $2500. After Mrs. Cox's death in 1924, Mr. Cox continued to live on the farm. In 1943 he sold it to his son, Noah Cox, one of the appellees, for the sum of $1500, and the further consideration that he have a home with him so long as he lived. Subsequently Noah sold part of the farm to the appellees, W. M. Robinson and his wife, Mary, for the sum of $1500.

This action was instituted by some of the children and grandchildren of Mr. and Mrs. Cox to have set aside the deed to Noah Cox on the ground that there was a resulting trust in favor of Mrs. Cox and her heirs upon her death, since a part of the purchase price of the first tract of land acquired by Mr. Cox was paid from funds belonging solely to Mrs. Cox. The appeal is from a judgment holding there was no resulting trust.

KRS 381.170 provides:

"When a deed is made to one person, and the consideration is paid by another no use or trust results in favor of the latter unless the grantee takes a deed in his own name without the consent of the person paying the consideration, or unless the grantee in violation of a trust purchases the lands deeded with the effects of another person. Such deeds are fraudulent as against the existing debts and liabilities of the person paying the consideration."

We have noted that approximately half of the $200 purchase price of the first tract of land was paid from funds belonging solely to Mrs. Cox, and that the tract which was deeded to Noah Cox in 1943, excluding two

small tracts which had been sold off in the meantime, had been purchased for $2500 in 1919. The question before us, however, is, whether Mr. Cox took the first deed and the subsequent ones in his own name without the knowledge and consent of his wife, or whether he made the purchase in violation of a trust in her favor? We think both questions must be answered in the negative.

The proof shows conclusively that Mrs. Cox knew all the deeds were taken only in the name of Mr. Cox, and there is no showing of a violation of any trust. The testimony of Ida Cox Gayheart, one of the appellants, and that of her brother, shows that, while Mrs. Cox frequently said her money had been used in purchasing the first farm, she also knew that the deed had been taken in the name of her husband. There is testimony to the effect that Mr. Cox had been advised it would be better if the deed were taken in his own name, and that he apprised Mrs. Cox of this fact. In answer to a question relating to what her mother said about the transaction, Mrs. Gayheart said:

"Well, she said he took her money and put it in this land and she said she figured it would be all right. If anything happened to him she would hold a life time dower, and if it didn't she would have it as long as she lived, and she just let it go at that." Mrs. Cox may have said from time to time that she wanted all of her children to share equally in the property, but that is not the test required by the statute heretofore quoted. As said in the case of Masters v. Masters, 222 Ky. 427, 300 S. W. 894, it takes clear and convincing proof to establish a resulting trust. The conclusions heretofore stated are amply supported by the cases of Martin v. Franklin, 159 Ky. 816, 169 S. W. 599; Preston v. Preston's Adm'x, 245 Ky. 552, 53 S. W. 2d 957; and Richardson v. Webb, 281 Ky. 201, 135 S. W. 2d 861, which involved similar questions.

Judgment affirmed.