**SEWELL v. SEWELL et al.**

Court of Appeals of Kentucky.
May 8, 1953.

Rehearing Denied Oct. 9, 1953.

Kelly Kash, Irvine, Edward E. Bach, Campton, for appellant.

J. Douglas Graham, Campton, for appellees.

DUNCAN, Justice.

In this action, appellant sought to have a trust declared in her favor upon real estate which had been conveyed to her deceased husband, Taylor P. Sewell. The Chancellor declared the trust to exist in only an undivided one-half interest in the land involved; the widow has appealed, and the appellees, the brothers and sisters of the decedent, have cross-appealed.

Appellant, Mattie Sewell, and decedent, Taylor P. Sewell, were married in the year 1914, and resided together as husband and wife until the death of the latter in 1949. Appellant had taught school for a number of years prior to her marriage and had accumulated savings of approximately $500. After the marriage, decedent was appointed postmaster at Campton, Kentucky, and held that position for twelve years. During that entire period, appellant served as assistant postmaster, earning in that capacity $30 per month for the first four years and $60 per month during the last eight years.

The farm in question, orginally consisting of 383½ acres, was purchased in 1929, and title was taken in the name of Taylor P. Sewell. Various portions of the original boundary were sold from time to time and only 125 acres remained at the time of Sewell's death. This is the land against which the trust is asserted.

Appellant testified over the objection of appellees that her accumulated earnings and savings, which by computation would amount in gross to slightly more than $7,-000, were turned over to decedent and used by him as part payment for the farm which we have mentioned. The total purchase price is not disclosed, and it is impossible to determine what part of the original cost was represented by funds furnished by appellant.

The testimony of appellant that she furnished funds to her husband and the purpose for which the funds were used was incompetent under the provisions of Civil Code of Practice, Sections 606(1) and 606(2). It concerns both a confidential

communication between husband and wife, in violation of Section 606(1), and a transaction with a person since deceased within the inhibition of Section 606(2).

■ Appellant insists that counsel for appellees waived the incompetency of this testimony by cross-examining appellant concerning the communications and transactions with her husband. The rule is well settled that objection to a party's incompetency to testify concerning certain matters is not waived by cross-examination respecting the incompetent matter. Saylor v. Saylor, 151 Ky. 694, 152 S.W. 763; Ewing v. Ewing, 258 Ky. 825, 81 S.W.2d 860.

The only other evidence supporting appellant's claim is the testimony of several neighbors who relate conversations with the decedent in which it is claimed that he stated he had invested his wife's money in the farm and he wanted to arrange his affairs in such a way that his wife would become the owner of the land at the time of his death.

■■ At common law, a trust was impressed upon property in favor of a person furnishing the purchase price when title was taken in the name of another. Such a trust was designated as a resulting trust. The rule has long since been abrogated by statute. Acts of 1893, Chapter 150, Page 495, Section 17. Under the provisions of what is now KRS 381.170, no use or trust results when a deed is made to one person and the consideration is paid by another unless the grantee takes a deed in his own name without the consent of the person paying the consideration, or unless the grantee, in violation of a trust, purchases the land deeded with the effects of another person. Some of the opinions of this Court have referred to the statute as completely abolishing resulting trusts and substituting in their stead constructive trusts which may arise under either of the exceptions mentioned in the statute. Other opinions treat resulting trusts as having been abolished only to the extent indicated in the statute. We are not concerned with reconciling the apparent conflict in the proper designation of the trust which arises under the stat-

utory abridgment of the common-law rule. Whatever its designation, it is clear that no trust arises from the mere fact that the consideration is paid by one person and title taken in the name of another. To raise the trust, it must affirmatively appear that title was taken in the name of the alleged trustee in violation of an agreement, or without the consent of the person paying the consideration. The additional elements required by the statute have been repeatedly pointed out by this Court. Watt v. Watt, 39 S.W. 48, 19 Ky.Law Rep. 25; Brooks v. Brooks, 104 S.W. 392, 31 Ky.Law Rep. 969; Martin v. Franklin, 159 Ky. 816, 169 S.W. 599; Masters v. Masters, 222 Ky. 427, 300 S.W. 894; McFarland v. McFarland, 263 Ky. 434, 92 S.W.2d 785; Richardson v. Webb, 281 Ky. 201, 135 S.W.2d 861; Hall v. Walton, 291 Ky. 779, 165 S.W.2d 806.

■ It is equally well established that where a trust is claimed by reason of the consideration having been paid by one person and title taken in the name of another without the consent of the payor, clear and convincing proof is required to establish every element of the trust. Holliday v. Holliday, 238 Ky. 522, 38 S.W.2d 436; Richardson v. Webb, supra.

■ Under the competent evidence in this case, we have nothing more than testimony concerning statements by the deceased that the appellant had invested some undisclosed sum in the farm and that he expected to make provision for her future ownership on that account. Even if we regard the testimony as sufficiently clear and convincing to establish the fact that some of appellant's money was used in purchasing the farm, there is a total lack of evidence concerning the other statutory elements which are required before the trust can be declared.

Not only does the evidence fail to establish the required fact that title was taken in the name of the husband without the consent of the wife, the admitted facts impel the opposite conclusion. As we have pointed out, several sales were made from the original boundary and appellant joined in each of these conveyances. The deed

was kept in a trunk, readily available to the wife, and she admits having seen it within a few months or a year after its execution. We, therefore, are forced to the conclusion that the evidence was insufficient to establish the necessary elements of the trust.

The judgment is affirmed on the original appeal and reversed on the cross-appeal with directions to enter one in conformity with this opinion.