CASE 83—ACTION TO RECOVER LAND—MAY 2.

## McCallister, &c., v. Folden's Assignee.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. AFFIRMED.

DEED TO HUSBAND AND WIFE—RIGHT OF SURVIVORSHIP.

Held: Under Kentucky Statutes, section 2143, providing that "if real estate be conveyed or devised to husband and wife, unless a right of survivorship is expressly provided for, there shall be no mutual right to the entirety by surviorship between them, but they shall take as tenants in common, and the respective moieties shall be subject to the respective rights of the husband or wife as herein fixed, with all other incidents to such tenancy," a deed conveying land to husband and wife, "and upon their death" to others, or to them "during their natural lives," amounts to an express provision for the right of survivorship, within the exception of the statute, unless the presumption that such was the intention be rebutted by the terms of the deed.

McCallister, &c., v. Folden's Assignee.

MONTGOMERY MERRITT, ATTORNEY FOR APPELLANT.

The question involved in this case is the construction of the deed of W. W. Shelby and wife to John W. Folden and wife, Georgiana Folden, of date June 30, 1888, for 216 acres in Henderson county. The *habendum* of that deed is:

. "To have and to hold the aforesaid land to the parties of the second part and upon their death without having been disposed' of by deed or will, the same is to descend to the heirs of said Georgiana Folden."

Also the deed of Wm. Shelby to John W. Folden and wife, Georgiana, of date September 30, 1890, of the 153-acre tract in Daviess county. That deed is to them "during their natural lives only and at their death the same is to revert to the legal heirs of the party of the first part."

Counsel for appellee contended and the court so decided that upon the death of Georgiana, John W. Folden took a life estate in the whole of said land and the same passed under his deed of assignment.

To so construe the deeds is to disregard altogether section 2143, Kentucky Statutes, which provides: "If real estate be conveyed or devised to husband and wife unless a right by survivorship be expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common, and the respective moieties be subject to the respective rights of the husband and wife as herein fixed, with all other incidents to such tenancy."

It was contended by counsel that the statute only applied to titles in fee simple, but the authorities, both elementary and case conclusively settle the matter to the contrary.

## AUTHORITIES CITED.

Ky. Statutes, secs. 2348, 2143; 3 Bush, 456; 4 Bush, 502; 18 A. D., 382; 5 Bac. Abr., 244; 30 L. R. A., notes p. 319 (Niles v. Fisher); Trigg v. Jones, Admr., 42 S. W. R., 848.

YEAMAN & YEAMAN, ATTORNEYS FOR APPELLEES.     (S. B. AND R. D. VANCE OF COUNSEL.)

If there is anything for the court to try upon the record here presented it is the construction of two deeds made by Wm. Shelby to John W. Folden and Georgiana Folden, his wife, which are set out in the record.

It is contended by appellant that upon the death of Georgiana Folden, her husband still surviving, the heirs of W. W. Shelby in one case and in the other the heirs of Georgiana

McCallister, &c., v. Folden's Assignee.

Folden become entitled to one-half of the property (appellants being the heirs in both cases).

For appellee it is contended:

1. That section 2143, Kentucky Statutes, does not apply to the case of a conveyance to husband and wife jointly of a life estate only, and,

2. That if that section does apply to the conveyance of a life estate, it was manifestly not the intention of the grantor in either deed that upon the death of one of the life tenants the survivor should surrender one-half the land.

If appellants be right in their contention, then had Folden died first, instead of his wife, we would have the anomaly not to say absurdity of the heirs of the grantee suing the surviving daughter for partition; that is to say, that the grantors intended that should Folden die first the surviving widow should give up half the land. The court below did not take this view and dismissed appellant's claim.

## AUTHORITIES CITED.

Ky. Stats., sec. 2143; Blackstone Com., Book 2, 182; Doe *Exdem* Ross v. Garrison, &c., 1 Dana, 38-39; Moore v. Moore, 12 B. M., 664; Thompson v. Peables, 6 Dana, 388; Elliott v. Nichols, &c., 4 Bush, 505; Ky. Stats., sec. 2348-2349; City of Louisville v. Coleburn, 56 S. W., 581, it seems to us settles the case in favor of appellee.

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

In 1890 William Shelby executed a deed for 153 acres of land to John W. Folden and his wife, Georgiana, the daughter of the grantor, "during their natural lives only, and at their death the same is to revert to the legal heirs of the party of the first part." In 1888, W. W. Shelby and wife conveyed 216 acres of land to John W. Folden and his wife, Georgiana, "to have and to hold the aforesaid land to the parties of the second part, and, upon their death without having been disposed of by deed or will, the same is to descend to the heirs of said Georgiana Folden." William Shelby in 1879 had made a will in which he devised the 153-acre tract to Georgiana Folden in fee

simple, but that will need not be here considered. Georgiana Folden died without leaving issue in 1896, and William Shelby, her father, died in 1899, leaving surviving him his son, W. W. Shelby, and a grandchild, John H. McCallister, the son of a dead daughter. After the execution of the deeds to himself and wife, Folden made an assignment of all his property, including whatever was conveyed to him by the deeds, for the benefit of his creditors. In a suit brought to settle the assigned estate a sale was had, under order of court, of Folden's estate in the two tracts, as a life estate—his wife being dead at the time—and appellant McCallister became the purchaser of the 153-acre tract; the other tract being sold to some one not a party to the record. The sales were confirmed without objection. After the death of William Shelby, McCallister having conveyed an interest to Mary T. Shelby, W. W. Shelby and Mary T. Shelby set up a claim to an undivided half interest in the 153-acre tract. McCallister and Shelby sought to recover one-half of the 216-acre tract, and McCallister sought to have the money refunded paid by him for the life estate in the 153-acre tract. Their petitions were dismissed by the trial court upon the hearing.

Nothing is involved except the construction of the two deeds. Appellants' claim is that, by the deeds in question, Mrs. Folden and her husband would, at common law, have been tenants by entireties, with right of survivorship upon the death of either, but by the operation of section 2143, Kentucky Statutes, they became tenants in common, without any right of survivorship, and that upon the death of Mrs. Folden an undivided one-half interest in the land conveyed in the deed of William Shelby reverted

to him, in accordance with the terms of the deed, and a one-half interest in the land conveyed from W. W. Shelby descended to William Shelby, the father of Mrs. Folden, and that upon the death of William Shelby this undivided one-half interest in both tracts descended to appellants, W. W. Shelby and John H. McCallister; appellant Mary Shelby claiming her interest by virtue of a purchase from McCallister.

The common-law right of survivorship in joint tenancy was abolished by the act of 1796 (now section 2348, Kentucky Statutes), but tenancy by entireties of husband and wife remained as at common law until the enactment in 1852 of what is now section 2143, Kentucky Statutes. That section is as follows: "If real estate be conveyed or devised to husband and wife, unless a right of survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common, and the respective moieties be subject to the respective rights of the ' husband or wife as herein fixed, with all other incidents to such tenancy." Appellants contend that, as a tenancy by entireties might exist in an estate in fee, in tail for life, or for years (Hardenburg v. Hardenburg, 18 Am. Dec. 382; Hiles v. Fisher (N. Y. App.) 39 N. E. 337, (30 L. R. A. 305), the statute must be applied— and was so intended—to all holdings which at common law would have been tenancies by entireties, and that there is no right of survivorship in any such case; the tenants holding as if unmarried, as tenants in common. Elliott v. Nickols, 4 Bush, 502. On behalf of appellee it is contended that the section quoted does not apply to a conveyance to husband and wife jointly of a life estate only; and, further, that if it could be applied to a life es-

tate it was manifestly not intended by the grantor in either deed that upon the death of one of the life tenants the survivor should surrender one-half the land, and that the intention in this behalf is so manifest as to amount to an express provision for a right of survivorship. Under a conveyance to husband and wife jointly, the grantees do not hold by moieties, as in the case of joint tenants, each of whom is seized of an undivided moiety of the whole, but each of the grantees is seised of the entire estate, because both grantees are one. And for this reason it was held in numerous cases that the act abolishing the right of survivorship in joint tenancy did not apply to this estate. "If an estate in fee be given to a man and his wife, they are neither properly joint tenants nor tenants in common; for, husband and wife being considered one person in law, they can not take the estate by moieties, but both are seised of the entirety, *per tout et non per my*, the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." 2 Bl. Comm., 182. And so, in Elliott v. Nickols, *supra*, it was said: ". . . All the books agree, *una voce*, that husband and wife not only can not compel each other to make partition, but, even if they concur in the wish, they have not the power to sever the tenancy. It is a sole, and not a joint tenancy. They have no moieties, Each holds the entirety. They are one in law, and their estate one and indivisible. If the husband alien, if he suffer a recovery, if he be attainted, none of these will affect the right of the wife, if she survive him. Nor is this by the *jus accrescendi*. There is no such thing between them. That takes place where by the death of one joint tenant the survivor receives an accession,—something which he had

not before,—the right of the deceased. But, as between husband and wife, the survivor takes nothing from the decedent, acquires no new title nor interest nor estate thereby, but takes by the original conveyance the whole, because invested thereby with the entire estate." ¦ What was given to Folden and wife by the deeds in question was an estate for the life of the survivor or longer liver of the two. Both deeds were from the blood kindred of the wife. From her the good consideration moved to support the gifts. If we look to the intent of the grantors, by ordinary rules of construction it is obvious that the grantors (did not intend, in case the husband died first, that the wife should be compelled to surrender one-half of the gifts. Whatever rule would be adopted in one event must be applicable also to the other. We do not mean to say that under no circumstances could this statute be applied to a gift jointly to husband and wife for the life of the survivor, but that the presumption in such a case as this— that it was not intended to apply—is so strong as to bring the case within the exception of the statute, and to amount to an express provision for a right of survivorship, unless that presumption be in some way rebutted by the terms of the deed. This has been expressly held, in an opinion by Judge Burnam, in the case of City of Louisville v. Coleburne, 108 Ky., 420; 22 R., 64 (56 S. W., 681). For the reasons given, the judgment is affirmed.