## Lowery v. Madden et al.

October 26, 1948.

George C. Robbins and Coleman Covington for appellant.

E. Selby Wiggins for appellees.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

By deed dated May 10, 1916, Joe Kindred and wife conveyed to their daughter, Ida Wade, and Luther Wade, her husband, a tract of land described as "lot No. 7 and 20 feet of lot adjoining lot No. 1 situated in Evans-

dale Addition to the city of Richmond, Ky." The granting clause of this deed reads as follows: *"do hereby sell grant and convey to the party of the second part jointly, for their lives with remainder over after their deaths to the children of Ida Wade, one of the parties of the second part."* Luther Wade, one of the grantees in this deed and husband of Ida Wade, died on August 15, 1930. Ida Wade is now Ida Madden, having married Abe Madden after the death of Luther Wade. No children were born to this latter union.

On July 31, 1945, Ida Madden, joined by her husband, Abe Madden, both now living in Ohio, brought this suit against her ten children, which children included two infants, one under 14 years of age and one over 14 years of age, and the respective spouses of those who were married. The petition alleged that plaintiff, Ida Madden, is the owner of an undivided one half interest in the property described and that she also owns a one third interest in the one half interest of Luther Wade during her lifetime. She alleged that the property described is jointly owned, is in possession of plaintiff and defendants, that the interest of each is a vested one and that the property cannot be divided without impairing its value. She prays that the property be sold and the proceeds be divided among plaintiffs and defendants as their interest may appear. A guardian ad litem was appointed for the resident infant defendant, and two days later he filed a general demurrer to the petition. The record does not disclose whether or not this demurrer was passed on by the court. However, on January 2, 1946, an amended petition was filed by plaintiff in which the allegations of the petition are reaffirmed and she asks that the property be sold under Section 491 of the Civil Code of Practice, for reinvestment. She states that she has purchased a home in Ohio and desires that the proceeds of the sale of the property herein involved be invested in that home for her life with remainder to her children. The prayer of this amended petition is in the alternative and she asks that if the court holds that the property is jointly owned, as set out in the petition, that the property be sold and the proceeds divided as prayed in the petition but if the court holds that plaintiff owns the property only for her lifetime with remainder to her children now living

or that may be born to her, she asks that the property be sold under the provisions of Section 491 of the Civil Code of Practice and the proceeds invested in the property in Ohio for her life with remainder to her children. Although this amended petition changes the cause of action completely, none of the original defendants were brought before the court on the amended petition.

On February 25, 1947, the guardian ad litem for May Oliver, the infant over 14 years of age, filed a general demurrer to the amended petition and on the same day filed an answer and counterclaim denying the essential allegations of the petition and praying that plaintiff's petition be dismissed. On the same day plaintiff filed a general demurrer to this answer and counterclaim.

On December 31, 1947, an amended petition was filed by the plaintiff showing that May Oliver, an infant defendant over 14 years of age when the suit was filed, had now reached the age of 21 years, and praying that the property be sold under orders of the court *"for reinvestment as prayed in the amended petition."* (Emphasis ours).

On December 31, 1947, judgment and order of sale were entered. In this judgment the general demurrer to the amended petition filed by the guardian ad litem of May Oliver, then an infant, was overruled and the general demurrer to the answer and counterclaim filed by the guardian ad litem of May Oliver was sustained and it was "ordered and adjudged by the court that plaintiffs are entitled to the sale of said property *and a division of the proceeds as their interest may appear and the property is ordered sold."* (Our emphasis).

Pursuant to this judgment the master commissioner on February 11, 1948, on the premises, sold the property to the highest bidder, Earl Lowery, appellant herein, for $1,700. On February 17, 1948, the commissioner filed his report of sale and on the same day the purchaser filed exceptions to the commissioner's report of sale giving as his principal reason for excepting to the report that plaintiff Ida Madden had only a life interest in one half of the property sold and therefore not sufficient interest to force a sale of all the property and especially the interest of the remaindermen. He asked that the purported sale be declared void and of no effect.

On February 26, 1948, an order was entered over-ruling the exceptions to the commissioner's report of sale and on the same day an order was entered confirming said report, to both of which orders Earl Lowery, the purchaser, excepted and prayed an appeal to the Court of Appeals which was granted.

However, on the same day the report of sale was confirmed, the purchaser paid into the court the full amount of the purchase price and the commissioner was directed to make a deed to the purchaser but no deed has yet been executed and delivered and the purchase price remains in court pending the outcome of the litigation. Subsquently the appeal was perfected and the record filed in this court although no supersedeas bond was executed by appellant.

Appellee has filed in this court a motion to dismiss the appeal on the ground that it is now a moot case because after the order confirming the report of sale and directing the commissioner to make a deed was entered, the purchaser, appellant, paid the purchase money into court and took possession of the property; that no supersedeas bond was executed by appellant to suspend the judgment and order of confirmation and they are now therefore in full force and effect. This motion to dismiss was passed to the merits of the case and is the first question for decision.

The fact that a bond is not executed and a supersedeas is not issued does not prevent a losing party from taking an appeal. The only effect of a supersedeas is to stay proceedings and if no supersedeas is issued, the winning party can proceed to have the judgment of the court carried out. In the instant case plaintiff could have obtained distribution of the fund paid into court by the purchaser, since the judgment of the court directed a sale for division. This would have made it incumbent on the appellant to recover his money from the distributees as best he could in the event judgment was declared void and the case reversed. The failure to execute a supersedeas bond is therefore not ground for dismissal of the appeal in this case. Neither does the case become a moot one because sale was confirmed and the purchaser paid the money into court and took possession of the property. He had the right to seasonably

appeal from what he contends is a void judgment and from the order overruling his exceptions to the report of sale thereunder and confirming said sale. For these reasons appellee's motion to dismiss the appeal is overruled.

## Points on Appeal.

In his brief appellant lists as grounds for reversal: (1) that under the deed to Ida Wade and Luther Wade, Ida Wade had only a life estate with the remainder to her children; (2) that there is no authority under the code of practice for a sale of property and distribution of the proceeds where there is an infant remainderman, as in this case, and the suit is brought by a life tenant; (3) that since there was no authority for the sale of the real estate for the above reasons, the judgment of the court ordering such a sale was void and not merely erroneous and the purchaser at the decretal sale did not obtain a valid title.

## The Law of the Case.

It is necessary first to determine the estate which Ida Wade (Madden) had in the property involved at the time she filed suit, as upon that must depend the section of the Code under which sale of the property may be authorized. As we construe the granting clause in the deed above quoted, the life estate in the whole property is in Ida Wade (Madden) with remainder to her children. Upon the death of Luther Wade his interest in the property, which was only a life interest, ceased and the remainder as to his interest did not vest in the children of Ida Wade but on the contrary the whole of the life estate became vested in Ida Wade by right of survivorship even though no right of survivorship was mentioned in the deed. What was given to Ida Wade and Luther Wade by the deed in question was an estate for the life of the survivor or longer liver of the two. KRS 381.050 has no application. See McCallister v. Folden's Assignee, 110 Ky. 732, 62 S. W. 538, construing a granting clause very similar to the one involved here.

Therefore at the time Ida Wade Madden brought this suit she had a life right or estate in the whole of the property sought to be sold and her children had no vested estate *in possession*, as she alleged in her petition

they had. This was essential to give a court jurisdiction to sell the property for division under section 490, subsection 2 of the Civil Code of Practice. While we have held that a remainder interest may be a vested interest, we have uniformly held that a remainder interest is not property in possession within the meaning of this section. Whitney v. Dorsey, 268 Ky. 773, 105 S. W. 2d 1025, and cases therein cited.

Apparently entertaining some doubt as to her right to proceed under this section authorizing a sale and division, plaintiff by amended petition made an alternative plea that if the property could not be sold for division that it be sold for reinvestment under section 491 of the Code. The parties were never before the court on this amended petition but had they been it was of no effect for the court in its judgment and order of sale directed "*a sale of said property and a division of the proceeds as their interest may appear.*" Clearly this was a sale under Section 490, subd. 2 of the Civil Code of Practice and the court was without jurisdiction to order sale under this section. This is not because one of the remaindermen is an infant, as appellant contends, but because the remaindermen have no vested estate in possession. It is therefore immaterial whether the remainderman is under disability or not, the same rule applies. The property could have been sold for reinvestment under Section 491 upon proper pleading and proof and with all parties in interest properly before the court because this section of the Code does authorize sale of the property for reinvestment where plaintiff is a life tenant and the defendants, whether under disability or not, are the remaindermen. Dineen v. Hall and Others, 112 Ky. 273, 65 S. W. 445, 66 S. W. 392.

We are of opinion that the court erred in overruling exceptions filed. The judgment of confirmation of sale is therefore reversed and the case is remanded with directions to sustain the exceptions and set aside the judgment of confirmation and for further proceedings consistent with this opinion.

Judgment reversed.