Alvis LONG, Administrator of the Estate of Ray Long, Deceased, Alvis Long, his wife, Mrs. Alvis Long, and Johnnie Long, Appellants,

v.

Etta SHORT, Mattie Davidson, Florence Taylor and her husband, Johnnie Taylor, Lottie Huff and her husband, Orville Huff, Marietta Pierce and her husband, Everett Pierce, Virginia Barrow and her husband, Eugene Barrow, and Harold Guthrie and his wife, Glenna Guthrie, Appellees.

Court of Appeals of Kentucky.

June 24, 1977.

Joe L. Travis, Travis, Ropp & Davis, Glasgow, for appellants.

Abe P. Carter, Tompkinsville, for appellees.

Before MARTIN, Chief Judge, and GANT and PARK, Judges.

PARK, Judge.

Under the provisions of two separate deeds from their parents, Ray Long and Alvis Long possessed life estates in two tracts of land. Following the death of Ray Long, a dispute arose with respect to the ownership of the two tracts. Alvis Long contended that he possessed a life estate in the whole property following the death of Ray. On the other hand, the heirs of Ray Long contended that their undivided one-half remainder interest in the property became possessory immediately upon Ray Long's death. The Cumberland Circuit Court upheld the claim of the heirs of Ray Long adjudging that they owned an undivided one-half interest free of any claim of Alvis Long. The trial court further ordered a partition of the larger tract and a sale of the smaller tract for purposes of partition. Alvis Long appeals, contending that he possesses a life estate in the whole property following the death of Ray Long, and that as a result it was error for the trial court to order a partition and division of the property.

The property was conveyed to Ray Long and Alvis Long by deeds from their father and mother, I. N. Long and Ellen Long. The first deed, dated July 19, 1934, conveyed a tract of approximately 125 acres. Immediately following the description of the property and immediately preceding the habendum clause, the first deed provided:

"It is further stated that the party of the first part [I. N. Long] is to have full control of said described land as long as he lives and at his death his wife Ellen Long is to have a one-third interest in said described land as long as she lives and at her death to go to her two sons Ray Long and Alvis Long and it is further stated that Alvis Long is to have full control/management of said described land and *at their death* said described land is to go *to their heirs.*" (Emphasis added)

The second deed, dated June 20, 1934, conveyed a smaller tract of 20 acres. Following the description of the 20 acre tract and immediately before the habendum clause, the second deed provided:

"It is further agreed that the party of the first part [I. N. Long] is to have full control of said described land as long as he lives and said described land is to go to the heirs of the second party [Ray Long and Alvis Long] *at their death.*" (Emphasis added)

Alvis Long contends that the heirs of Ray Long were to have no possessory interest until the death of both life tenants.

When deeds, wills or other instruments create two or more life estates and there is no express provision governing the disposition of the property following the death of the first life tenant to die, the courts have adopted a number of different constructions. In some cases, cross-remainders have been implied in favor of the surviving life tenants. Alvis Long urges this construction of the two deeds. In a second line of cases, similar instruments have been construed to create estates pur autre vie, that is, an estate for the life of the survivor of the income beneficiaries. Under such a construction, Ray Long would have possessed a right to one-half of the income from the property for the remainder of the life of Alvis Long, and at his death, such interests would have passed as personal property to the personal representative of Ray Long. This construction was adopted in *Anderson v. Simpson*, 214 Ky. 375, 283 S.W. 941 (1926), but neither party urges this construction in this case. In a third line of cases, courts have rejected any construction

that the remainder becomes possessory only at the termination of all of the life interests. The trial court accepted the argument of the heirs of Ray Long and adopted this last construction. For a thorough discussion of the construction problem presented, see 5 *American Law of Property* § 21.35 (1952); 2 *Powell on Real Property* § 324 (Rohan Ed. 1977); Annotation, 140 A.L.R. 841 (1941), supplemented 71 A.L.R.2d 1332 (1960).

■ No hard or fast rule can be adopted. The particular language used in each instrument must be considered in adopting the proper construction. The phrase "at their death" used in the two deeds is ambiguous. It can be construed to mean at "their respective deaths" or it can be construed to mean "at the death of the last survivor." If the deeds are construed to mean "at their respective deaths," the one-half remainder interest of Ray's heirs would become possessory immediately on his death. On the other hand, if the phrase is construed to mean "at the death of the last survivor," this court must still determine whether a cross-remainder is to be implied in favor of Alvis Long or whether Ray Long possessed an estate pur autre vie which passed to his personal representative.

■ We conclude that the trial court was correct in construing the language in question to mean "at their respective deaths." *Dills v. Deavors*, Ky., 266 S.W.2d 788 (1953). There is nothing in the deeds which indicates that I. N. Long intended that either of his two sons receive more than one-half of the income from the property during his life. See *Struss v. Fidelity & Columbia Trust Co.*, 182 Ky. 106, 206 S.W. 177 (1918). It is true that Alvis Long was granted full management and control of the 125 acre tract. However, according to the testimony of Alvis Long, his brother Ray was not capable of managing the farm. With the death of Ray Long, the reason for granting Alvis Long management and control of the larger tract also ceased. The provision for the management and control of the 125 acre tract does not indicate an intention to confer any special benefit or interest on Alvis

Long. Had Alvis Long been the first to die, there is nothing in the deeds to indicate that the remainder interest of his heirs should not become possessory until the death of Ray.

In support of his contention that a cross-remainder should be implied, Alvis Long relies upon the decision in *McCallister v. Folden's Assignee*, 110 Ky. 732, 62 S.W. 538 (1901). However, that decision involved a special rule of construction applicable only to conveyances of life estates to a husband and wife. Based upon the questionable theory that a husband and wife are but one grantee, the survivor was held to hold a life estate in the whole property following the death of the other spouse. This rule of construction would have no application to a deed to two brothers.

For the foregoing reasons, the judgment of the circuit court is affirmed.

All concur.